### BAUER v. VEITH.

1. EVIDENCE—REGULAR COURSE OF BUSINESS—BLOOD ALCOHOL ANAL-YSIS—TOXICOLOGIST.

Document containing analysis of blood alcohol, made in the regular course of business by coroner's toxicologist and testimony by the toxicologist were not admissible in evidence, where there was no proof that the blood analyzed was taken from the body of the person who is claimed to have inflicted the injuries for which damages have been sought and to which person defendant liquor licensees are alleged to have sold intoxicating liquor illegally (CL 1948, § 617.53).

2. SAME—REGULAR COURSE OF BUSINESS—BLOOD ALCOHOL ANALYSIS—HOSPITAL RECORDS.

Preparation of document containing analysis of blood alcohol, made in the regular course of business by coroner's toxicologist and attached to hospital record, could not be considered as incident to or a part of hospital treatment so as to permit introduction in evidence as a hospital record made in regular course of business (CL 1948, § 617.53).

3. SAME—HOSPITAL RECORDS—HEARSAY PORTIONS.

Portions of hospital records, made in the regular course of business, but which do not refer to acts, transactions, occurrences, or events incident to hospital analysis, are hearsay and inadmissible (CL 1948, § 617.53).

Appeal from Berrien; Zick (Karl F.), J. Submitted May 5, 1964. (Calendar No. 43, Docket No. 49,969.) Decided November 2, 1964.

---

* Continued from Volume 373 Michigan.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 20 Am Jur, Evidence § 1043 et seq.
[3] 26 Am Jur, Hospitals and Asylums § 6.
Admissibility of hospital record relating to intoxication or sobriety of patient. 38 ALR2d 778.

Case by Robert J. Bauer, guardian of the estate of Wanita Gulliver, alleged mentally incompetent, against Noel Veith and Anne Veith, doing business as Louie's Cafe, under the civil damage provision of the liquor control law, for damages arising from illegal sale and a resulting death in an automobile collision December 24, 1959. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*James Thomas Sloan, Jr.,* and *Jerry J. O'Connor,* for plaintiff.

*Seymour & Seymour (Dalton G. Seymour,* of counsel), for defendants.

BLACK, J. The precise question, presented in this civil case, arose in the corresponding civil case of *McGowan* v. *City of Los Angeles,* 100 Cal App 2d 386 (223 P2d 862, 21 ALR2d 1206)*, which last case was quoted and adopted by Chief Justice KAVANAGH in the recently decided criminal case of *People* v. *Lyall,* 372 Mich 607, 615, 620–622. In *McGowan,* following an intersectional collision of motor vehicles, it was claimed that Cox, one of the drivers (Cox was instantly killed), was driving while under the influence of intoxicating liquor. A toxicologist, employed in the coroner's office, testified that a paper entitled "Blood alcohol determination" was made, and the blood referred to therein was received and analyzed, by his department, in the regular course of business. He was unable to say, however, and no witness testified, that the paper thus entitled portrayed the result of a test of blood drawn from the body of Cox. Certain "business entry" statutes of

---

* The *McGowan Case* is annotated under this heading (21 ALR2d 1216 *et seq.*):.
"Proof of identity of person or thing where object, specimen, or part is taken from a human body, as basis for admission of testimony or report of expert or officer based on such object, specimen, or part."

California, under which admissibility of the "determination" was urged by the appellants, appear in the body of the opinion of the district court of appeal. After having ruled:

"Patently the court had discretion to determine whether the paper was relevant and whether 'the sources of information, method and time of preparation were such as to justify' the admission of the coroner's record";

and having then cited copious authority in support of such rule of discretion, the district court held (p 392; 21 ALR2d 1213):

"In the absence of proof that the blood analyzed was the blood of Cox, taken from his body prior to the injection of any fluid therein, oral testimony of the result of the analysis would not be admissible."

The annotator of *McGowan* sums up, and we adopt for civil cases as at bar, the consensus of reasoned authority (p 1220):

"Where it 'appears that the various steps in the keeping and transportation' of the specimen, part, or object from the time it was taken from the body until the time of analysis 'were not traced or shown by the evidence' the identification of the thing analyzed is insufficient and the presumptions that official duty is properly performed and that public records are correct will not supply missing links in the chain."

This suit for damages arose out of an automotive collision, caused, according to plaintiff, by unlawful sales of intoxicating liquor,* by the defendant tavern licensees to one William Hanover, with result that Hanover went forth in an intoxicated condition and drove his automobile in a manner actionable in plaintiff's favor as against such licensees. Trial to court

---

* See statute then in effect, CL 1948, § 436.22, as amended by PA 1958, No 152 (Stat Ann 1959 Cum Supp § 18.993).—REPORTER.

and jury resulted in a verdict and judgment for defendants.

Plaintiff, appealing, presents but one question of reviewable moment. He states it as follows:

"Did the court err in refusing to admit plaintiff and appellant's proposed exhibit 12, Mercy Hospital records of the blood alcohol test of William Hanover, and excluding the testimony of Dr. William H. Benner?"

The question is concluded by the foregoing rule of evidence, the desideratum of which is that such a test and its results are inadmissible in the absence of proof that the blood specimen analyzed was actually taken from the person in scrutiny or the body of that person.

According to the record of Dr. Benner's testimony, such testimony having been taken separately in the absence of the jury, plaintiff's exhibit 12 purports to have been indorsed by Hanover and prepared in accordance with the requirements of CLS 1961, § 257.625a (Stat Ann 1963 Cum Supp § 9.2325[1]), (copied into *People* v. *Lyall,* 372 Mich at pages 623, 624). As in *Lyall,* however, the offeror of the exhibit failed to present the laboratory technician as a witness, by deposition or otherwise. Such technician, according to Dr. Benner, took the necessary specimen of Hanover's blood and tested it. However, plaintiff submitted the exhibit only, together with the aforesaid segregated testimony of Dr. Benner.

Dr. Benner was the pathologist at the hospital where the specimen was allegedly taken and tested by the technician. The substance of his testimony was that the exhibit disclosed evidence of intoxication on the part of Hanover. The doctor, of course, had no knowledge of the taking of the specimen, its identification with Hanover, or of the fact of accuracy of the

test and its results.   He testified from the exhibit only.

The trial judge refused to permit either the exhibit or the testimony to go before the jury.  We agree, as portended above, with such ruling.

Michigan's "business entry" statute (CL 1948, § 617.53 [Stat Ann § 27.902]; now CLS 1961, § 600.2146 [Stat Ann § 27A.2146]) provided no means for admission of exhibit 12, in the guise of a hospital record.  Preparation of the instrument, and attachment thereof (if there was such attachment, which is not shown) to any hospital record, could hardly be termed an entry or record made "in the regular course of such [hospital] business."  Nor could it be claimed that it was "the regular course of such [hospital] business to make such memorandum or record."  Indeed, it may and should be said that any such memorandum, if actually prepared and made a part of any hospital record, would be a matter of *irregular* if not *extraordinary* course of hospital record keeping.  Decidedly, such action would not be deemed as incident to or a part of hospital treatment.

What was said in *Case* v. *Vearrindy,* 339 Mich 579, at 582, 583 applies here:

"Portions of hospital records which do not refer to acts, transactions, occurrences or events incident to the hospital treatment, however, are hearsay and inadmissible. *Valenti* v. *Mayer,* 301 Mich 551.   In point from *Sadjak* v. *Parker-Wolverine Co.,* 281 Mich 84, 87, is the following:

" 'What decedent told the hospital authorities did not refer to any act, transaction, occurrence, or event in the hospital treatment.  The portion of the record thus objected to was pure hearsay and of no evidentiary force and inadmissible.  Also, see *Kelly* v. *Ford Motor Co.,* 280 Mich 378.' "

No other question requires discussion.  Judgment affirmed.  Costs to defendants.

KAVANAGH, C. J., and DETHMERS, KELLY, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.