SCHALKOFSKI v LAWRENCE

1. Automobiles — Negligence — Evidence — Depositions — Hearsay—Admissibility.

> A statement in defendant's deposition that a deputy sheriff and a gas station attendant had said shortly after the defendant's automobile accident with the plaintiff that, although they did not see the accident, that the plaintiff shouldn't have been driving in the lane she had been driving in, was inadmissible (1) as opinions on a matter of law, (2) as hearsay and (3) as irrelevant statements, where the trial judge ruled, as a matter of law, that the plaintiff had a legal right to be in the lane of traffic that she had been in.

2. Automobiles—Negligence—Evidence—Hearsay—Curative Instruction.

> Admitting a statement in defendant's deposition that a deputy sheriff and a gas station attendant had said shortly after the defendant's automobile accident with the plaintiff that, although they did not see the accident, that the plaintiff shouldn't have been driving in the lane she had been driving in, constituted reversible error where plaintiff's contributory negligence was at issue, the defendant's attorney re-emphasized the statements, and the judge's instruction that the plaintiff did have a legal right to be in the lane she had been in, was only 2 sentences in 22 pages of instructions.

Appeal from Genesee, Elza H. Papp, J. Submitted Division 2 January 4, 1972, at Lansing. (Docket No. 10754.) Decided January 19, 1972.

Complaint by Reinhold and Marian Schalkofski against William Lawrence for damages from injur-

---

Reference for Points in Headnotes
[1, 2] 23 Am Jur 2d, Depositions and Discovery § 103.

ies suffered in an automobile collision. Judgment for defendant. Plaintiffs appeal. Reversed and remanded.

*Leitson, Dean, Dean, Segar & Hart, P. C.,* for plaintiffs.

*Thomas & Delaney,* for defendant.

Before: LESINSKI, C. J., and McGREGOR and QUINN, JJ.

McGREGOR, J. On December 13, 1967, the plaintiff[1] was proceeding east on a highway near Flint; at the same time, defendant was proceeding west and wanted to make a left turn into a parking area at a shopping mall. At that point the highway is six lanes wide, the outside lanes being deceleration lanes for the purpose of allowing ingress and egress to and from the commercial business establishments along the highway.

The defendant stopped and signaled that he wanted to make a turn, and traffic in the two inside lanes stopped; defendant had started to make his turn when his vehicle was struck by the automobile being operated by the plaintiff, who was proceeding in the outside lane.

The plaintiff instituted suit on June 16, 1969, alleging that the defendant made an improper and unsafe turn, in that he had to travel across three lanes of oncoming traffic, and that the defendant had failed to exercise reasonable caution before making his turn. The defendant alleged that the plaintiff was guilty of contributory negligence in that she was

---

[1] Plaintiff will be used throughout this opinion even though plaintiff driver's husband was also a party.

in an improper lane of traffic, that she was unlawfully passing stopped vehicles on the right, and that she failed to see the defendant and made no attempt to stop her automobile before the collision.

At trial, the plaintiff, as part of her proof, offered into evidence the deposition of the defendant (the defendant having died in the meantime, from causes unrelated to the accident), but wanted to delete from it the following provisions:

"And he said the only thing—he said the only thing was, he said was, she shouldn't be driving in that lane.

"*Q.* He didn't see this accident, did he?

"*A.* I don't think he saw the impact, no. And a kid from across the street came over and said the same remark. She shouldn't be driving in that lane. I don't know. I said, 'Did you see the accident?' and he said, 'No,' he didn't, 'I was just pumping gas.' And I guess he must have heard it.

"*Q.* You don't know of anyone who saw the accident?

"*A.* No, I don't.

"*Q.* That is what I'm getting at."

The defendant insisted, however, that this portion be read also, and the trial judge ruled that that portion had to be read.

A jury trial was had on the issues on September 15 and 16, 1970, and the jury found no cause of action. The plaintiff then made a motion for a new trial, and on November 30, 1970, that motion was denied. The plaintiff now appeals, alleging three grounds as error:

First, plaintiff contends she was materially prejudiced by the refusal of the trial court to allow the objected-to statement in the deposition of William Lawrence to be deleted from the deposition before it was read to the jury.

GCR 1963, 302.4 provides:

"Use of Depositions. At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, *so far as admissible under the rules of evidence,* may be used against any party who was present or represented at the taking of the deposition or who had due notice thereof, in accordance with any 1 of the following provisions: * * *

"(4) If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts." (Emphasis added.)

GCR 1963, 302.5 provides:

"Objections to Admissibility. Subject to the provisions of sub-rule 308.3, objection may be made *at the trial* or hearing to receiving in evidence any deposition or part thereof for any reason which would require the exclusion of the evidence if the witness were then present and testifying." (Emphasis added.)

The trial judge based her ruling that all of the deposition had to be admitted primarily on the fact that no objection was made at the time the deposition was taken. This is error, as GCR 1963, 308.3(1) provides:

"Objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if presented at that time."

The trial court's error is further compounded by the fact that GCR 1963, 302.5 specifically provides that "objection may be made at the trial". The court

rules clearly require the exclusion of inadmissible evidence if a proper objection is made during trial. See also *Koenig* v *Lake Shore, Inc,* 376 Mich 131 (1965); 3 Callaghan's Michigan Pleading & Practice (2d ed), § 35.92, p 312.

This same problem faced the Michigan Supreme Court in *Halzle* v *Hargreaves,* 233 Mich 234, 239 (1925). The defendant in that case took the deposition of a witness, and when asked by the examiner from what direction the car was coming, the deponent answered, "From the south. I think they had time enough to get across". Before the deposition was read at trial, the defendant asked and the court allowed that portion of the answer struck, which said, "I think they had time enough to get across". The plaintiff in that case argued that since it was the defendant's examination that had produced the answer, the trial court had no power to strike the objected-to portion. The Supreme Court simply said, "The portion struck out was so clearly incompetent as to fully justify the action of the court".

The disputed portion of the deposition has at least three independent grounds for exclusion. First, the statements of the deputy and the gas station attendant were opinions on a matter of law and, as such, should have been deleted (indeed, the trial judge ruled that those opinions were not correct, in ruling that the plaintiff had a legal right to be in that lane of traffic). The second ground for exclusion is that the statements of those two individuals are hearsay. The third ground for exclusion is that, since the judge ruled, as a matter of law, that the plaintiff had a legal right to be in that lane of traffic, then the statements as far as this case was concerned, were irrelevant.

Furthermore, the admission of the objected-to portions of the deposition are not harmless error,

nor were they cured by the trial court's instructions to the jury.

Plaintiff's contributory negligence was an issue in the case, and the admission of the disputed answer allowed the jury to hear from two persons, one a deputy sheriff, that the plaintiff "shouldn't be driving in that lane".

This remark was again inflammatorily placed before the jury during the closing argument, when the defendant's lawyer said:

"Now, you heard the deposition of Mr. Lawrence read into it, and you heard what he said was the conversation at the scene of the accident when the sheriff arrived: 'She shouldn't have been passing in that lane.' Now, who would know better than the sheriff? He was called out as investigating officer to investigate and to make a report on this accident. She shouldn't have been passing in that lane; that lane was not put there for that purpose."

Just how highly prejudicial the testimony was can be seen from the trial judge's comments, when asked by plaintiff's counsel if the plaintiff could testify that at the scene of the accident the sheriff allegedly told her "I have considered it carefully and Mr. Lawrence is completely and totally at fault and you are free of all blame". The trial judge, in response to that question, said that if such testimony was forthcoming she would declare a mistrial.

At the same time the judge's instructions covered 22 pages in the transcript. In the middle of those instructions appear two sentences, to the effect that the plaintiff had a legal right to be in that outside lane. Taken as a whole, this Court finds that the instructions were not sufficient to cure the error.

Plaintiff also contends that the trial court erred by allowing the question of plaintiff's contributory

negligence to go to the jury, and that the trial court erred when it refused plaintiff's motion for directed verdict on the question of defendant's liability.

As there were disputed questions of fact, as to whether plaintiff was guilty of contributory negligence and as to defendant's liability, the trial court did not abuse its discretion by submitting these questions to the jury.

Reversed and remanded for new trial.

All concurred.