MOORE v LEDERLE LABORATORIES

1. DEPOSITIONS—OBJECTIONS—WAIVER—COURT RULES.

Objections are not waived by failure to make them before or during the taking of a deposition unless the ground of the objection is one which may be obviated or removed if presented when the deposition is taken (GCR 1963, 308.3).

2. DEPOSITIONS—EVIDENCE—ADMISSIBILITY—COURT RULES.

Objections to the competency, relevancy, or materiality of deposition testimony constitute a challenge to the admissibility of evidence and since they cannot be obviated at the time of taking the deposition are properly made at the trial (GCR 1963, 308.3).

3. EVIDENCE—ADMISSIBILITY—HARMLESS ERROR.

Erroneous admission over plaintiff's objection of testimony which was not germane to the theory of defendant's liability but not prejudicial to plaintiff is harmless error and not grounds for reversal.

Appeal from Washtenaw, William F. Ager, Jr., J. Submitted Division 2 June 9, 1972, at Lansing. (Docket No. 10771.) Decided September 26, 1972. Leave to appeal applied for.

Complaint by Thomas Moore, for himself and as next friend of Daniel Moore, against Lederle Laboratories, a division of American Cyanamid Company, for damages resulting from the use of drugs manufactured by defendant. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 23 Am Jur 2d, Depositions and Discovery § 138.
[2] 23 Am Jur 2d, Depositions and Discovery §§ 136–139.
  30 Am Jur 2d, Evidence § 1090.
[3] 29 Am Jur 2d, Evidence § 590.

*Dannemiller & Collins,* for plaintiff.

*DeVine & DeVine,* for defendant.

Before: BRONSON, P. J., and DANHOF and VAN VALKENBURG,* JJ.

BRONSON, P. J. The present appeal requires a determination of a party's right to object to testimony contained in a deposition offered at trial and is precipitated by the following sequence of events.

Within nine weeks from birth, plaintiff was diagnosed as having the disease cystic fibrosis. He received curative and preventive treatment by the intermittent administration of two antibiotic drugs manufactured by defendant until being placed upon different drugs in 1964. As a consequence of this treatment, plaintiff's teeth became permanently stained blue-black in color and structurally damaged. Plaintiff instituted suit in the Washtenaw County Circuit Court to recover damages for the injurious side-effects of these drugs. Defendant was charged with responsibility for its alleged failure to discover and warn the medical profession of the tooth-staining and damaging propensity of its drugs.

In preparation of its case, plaintiff took the deposition of Dr. Howard Mehaffey. Dr. Mehaffey was a dentist instrumentally involved in a research project which attempted to investigate and evaluate the effect of fluorides upon tooth decay when combined with vitamins. As a by-product of this experiment, Dr. Mehaffey discovered an abnormal incidence of tooth discoloration in the participating children. Further investigation revealed that the discoloration occurred in children

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

who had received treatment with tetracycline drugs. The extent of discoloration and type of tooth damage was compiled, classified, and published in 1965. This report constituted documentation to those reports which had observed this phenomenon as early as 1956. Since tetracycline is the generic term for the two challenged drugs produced by defendant, plaintiff relied upon this deposition to establish the tooth-staining and damaging properties of defendant's drugs and its knowledge of such facts.

At trial plaintiff offered Dr. Mehaffey's deposition into evidence but wanted omitted a few statements elicited by defendant on cross-examination which were considered incompetent and irrelevant. Defendant objected to the proposed deletions contending that plaintiff waived any errors or irregularities in the deposition pursuant to GCR 1963, 308.3(1) for failure to object during its taking. The trial judge accepted defendant's argument and admitted the entire deposition. At the conclusion of trial the jury returned a verdict of no cause of action. Plaintiff appeals, claiming that the trial judge's admission of the entire deposition constituted reversible error.

During the deposition, plaintiff asked Dr. Mehaffey whether an adult's teeth would become stained after the administration of a tetracycline drug. This witness answered in the negative based upon his own personal experience. Upon cross-examination of this witness, defendant elicited his conclusion that in spite of the knowledge that tetracyclines caused staining, they are used in exceptional cases where life is threatened. This approach was in accordance with defendant's theory of the case that the tooth staining was an indigenous disadvantage outweighed by the lifesav-

ing capabilities of the drug. Defendant pursued this approach by questioning Dr. Mehaffey about his children and whether they had used tetracycline drugs. Dr. Mehaffey answered that his daughter received a tetracycline drug when she had bronchial pneumonia. Defense counsel continued his cross-examination by asking, "How sick was she with that?" Dr. Mehaffey answered that "She could have died within 24 hours had she not been placed on it [the tetracycline drug] immediately". Thereafter, defense counsel extracted the conclusion from this witness that the tooth staining was worth saving his daughter's life. At trial plaintiff challenged the admissibility of these statements by the deponent, objecting to their competency and relevancy.

Plaintiff's challenge is governed by GCR 1963, 308.3(1), which provides:

"Objections to the competency of a witness or to the *competency, relevancy,* or *materiality* of testimony are not waived by failure to make them before or during the taking of the deposition, *unless the ground of the objection is one which might have been obviated or removed if presented at that time."* (Emphasis added.)

This rule was adopted verbatim from Rule 32(d)(3)(A) of the Federal Rules of Civil Procedure. Within the phrase "unless the ground of the objection is one which might have been obviated or removed if presented at that time" lies the requirement dispositive of the present issue. Guidance for interpreting this language is found in Wright & Miller's treatise on Federal Civil Procedure by their comment:

"What was formerly all of Rule 32 has now been made into subdivision (d) of that rule. Its general principle is to require defects in the taking of depositions to

be pointed out promptly on pain of waiver. The purpose is to give the erring party an opportunity to correct the mistake, and to prevent waste of time and money by a subsequent claim that a deposition must be suppressed because of some technical error long ago. The one limited exception to the general rule, found in Rule 32(d)(3)(A), is consistent with this purpose, in that if *[sic]* provides that objections to competency, relevancy, or materiality that could not have been corrected if made at the time need not be made and are not waived. This provision avoids burdening the deposition with a number of objections. These objections as to defects that could not have been avoided in any event may be made at the trial when and if the deposition is offered. Thus subdivisions (b) and (d) of Rule 32, read together, preserve the important distinction between the broad scope of discovery and its limited use at the trial."[1]

These authors further emphasize the distinction "between objections of substance going to admissibility and formal objections to the form of the question and the conduct of the examination" in § 2156 of their treatise.

It is this distinction which provides a method of defining what is meant by objections which may be obviated or removed if presented during the taking of a deposition. An objection that counsel is leading a deponent or has failed to lay a proper foundation for questions asked falls within the category of formal objections that may be obviated during the taking of the deposition. *Elyria-Lorain Broadcasting Co v Lorain Journal Co,* 298 F2d 356 (CA 6, 1961); *Nutterville v McLam,* 84 Idaho 36; 367 P2d 576 (1961); *Batelli v Kagan & Gaines Co,* 236 F2d 167 (CA 9, 1956). Similarly, an objection that an expert witness' opinion is based upon hearsay evidence can be cured at the time of taking a deposition by the use of a hypothetical

---

[1] 8 Wright & Miller, Federal Practice & Procedure, § 2153, p 475.

question. *Dudding v Thorpe,* 47 FRD 565 (WD Pa, 1969); *Cordle v Allied Chemical Corp,* 309 F2d 821 (CA 6, 1962).

The alternative theory in which an objection cannot be cured at the taking of a deposition is delineated by *Johnson v Nationwide Mutual Insurance Co,* 276 F2d 574 (CA 4, 1960).[2] The *Johnson* Court held that an objection that the deposition testimony included hearsay could not be obviated at the time of taking the deposition since it constituted a challenge to the admissibility of evidence. Plaintiff's objection that Dr. Mehaffey's statements elicited during cross-examination were incompetent and irrelevant likewise involved a challenge to the admissibility of the evidence. Since the admission and exclusion of evidence falls exclusively within the purview of the trial judge's function, plaintiff's objections were properly addressed to him at the time of trial. The presentation of such objections at trial is expressly recognized and provided for in GCR 1963, 302.5.

The significance of this court rule and an interpretation of GCR 1963, 308.3(1) permitting objections to the admissibility of a deposition at trial were recognized in *Schalkofski v Lawrence,* 37 Mich App 686 (1972). The *Schalkofski* Court was presented with facts analogous to those in the present case. There plaintiff offered the deposition of defendant in an auto negligence action but wanted several detrimental statements omitted. The trial judge ruled that the entire deposition be

---

[2] See *Webb Coal Co v Bay City School District,* 342 Mich 116 (1955), where the Court interpreted Court Rule No 31 (1945), the antecedent to GCR 1963, 308.3(1). The *Webb* Court found that objections to the competency of evidence may be made at the time of trial. Since the present court rule did not modify the concept of raising objections at trial, it possesses precedential significance for the present case. Accord, *Koenig v Lake Shore, Inc,* 376 Mich 131 (1965); *Banaszkiewicz v Baun,* 359 Mich 109 (1960).

read and the jury returned a verdict of no cause of action. The *Schalkofski* Court found that the trial judge's denial based upon the failure to register an objection during the taking of the deposition violated the language of GCR 1963, 308.3(1). This Court further held that the trial judge's error was compounded by the fact that GCR 1963, 302.5 specifically permitted objection to be made at trial, stating:

"The court rules clearly require the exclusion of inadmissible evidence if a proper objection is made during trial."[3]

The grounds offered for exclusion in *Schalkofski* were that the testimony constituted an opinion, involved hearsay, and was irrelevant. The present objections of incompetency and irrelevancy are not different. Challenges to deposition testimony based upon its inadmissibility into evidence constitutes an exception to the waiver provisions of the court rules. Such challenges which are substantive in nature can be adequately disposed of only by an exercise of the trial judge's discretion. In this manner, depositions can be prevented from becoming unduly lengthened or obstructed at an additional cost to the parties. *Detective Comics v Fawcett Publications,* 4 FRD 237 (SD NY, 1944). Pursuant to these principles, court rules and the *Schalkofski* decision, we conclude that the trial judge's failure to entertain plaintiff's objections proffered at trial constituted error.

Unlike the *Schalkofski* decision, the present error upon which this appeal is based did not prejudice plaintiff and must be considered harmless.[4] Plaintiff challenged Dr. Mehaffey's compe-

---

[3] *Schalkofski v Lawrence,* 37 Mich App 686, 689–690 (1972).
[4] GCR 1963, 529.

tence to render a decision regarding the seriousness of his daughter's illness. The deponent's medical training and background surely made him competent to offer a general conclusion as to the seriousness of this illness. Similarly, Dr. Mehaffey was competent to render an opinion as to whether the side effects of a tetracycline drug were compensated for by its lifesaving capability. With respect to plaintiff's objection of relevancy and materiality, we agree. The deponent's daughter was treated by a tetracycline drug several years prior to the first publication suggesting the existence of the drug's side effects. Her single exposure may have been insufficient to result in the degree of tooth discoloration and damage caused by the type of continual treatment experienced by plaintiff. More importantly, the issue at trial was more refined than whether the drug's lifesaving capabilities outweighed its side effects. The precise issue was whether defendant failed to discover the injurious side effects and warn the medical profession so alternative drugs could be used in non-fatal cases. In view of these circumstances, Dr. Mehaffey's statements were not germane to the theory of liability.

Our review of the record reveals no prejudice from the admission of this irrelevant testimony. Plaintiff offered an abundance of testimony and scientific evidence for his theories which dispelled the effect of these statements. We cannot conclude that the jury would have rendered a verdict for plaintiff but for the admission of this testimony. Finding the error committed below to be harmless, we affirm the jury's verdict.

The additional allegations of error contained in

the parties' brief are either contained in or precluded by this disposition and need no further discussion.

Affirmed.

All concurred.