CLARK v CITY OF FLINT

ESTATE OF SHREVE v CITY OF FLINT

Evidence—Blood Sample Analysis—Proofs—Witnesses—Medical Witnesses.

A party seeking introduction into evidence of a blood sample analysis must show (1) that the blood was timely taken (2) from a particular identified body (3) by an authorized licensed physician, medical technologist, or registered nurse designated by a licensed physician, (4) that the instruments used were sterile, (5) that the blood taken was properly preserved or kept, (6) and labeled, and (7) if transported or sent, the method and procedures used therein, (8) the method and procedures used in conducting the test, and (9) that the identity of the person or persons under whose supervision the tests were conducted be established; compliance with the first six criteria requires the testimony of the medically qualified person who took the blood sample.

Appeal from Genesee, Thomas C. Yeotis, J. Submitted Division 2 March 14, 1975, at Lansing. (Docket No. 19101.) Decided April 9, 1975.

Complaint by Earle S. Clark, II, personal representative of the estate of Gene Arthur Shreve, deceased, against the City of Flint for wrongful death. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

*MacDonald, Fitzgerald & MacDonald,* for plaintiff.

Reference for Points in Headnote
29 Am Jur 2d, Evidence §§ 370, 830; 30 Am Jur 2d, Evidence § 1104.

*Patrick H. Hynes,* Flint City Attorney *(Robert P. Keil,* of counsel), for defendant.

Before: DANHOF, P. J., and D. E. HOLBROOK, JR. and O'HARA,* JJ.

PER CURIAM. Plaintiff brought an action as the personal representative of the estate of Gene Arthur Shreve under the wrongful death act, MCLA 600.2922; MSA 27A.2922 on behalf of the decedent's widow and four minor children. The jury returned a verdict of no cause of action, and plaintiff's motion for a new trial was denied. Plaintiff appeals assigning as error the trial court's ruling on the admission of certain blood-alcohol test results. We reverse.

At approximately 1 a.m. on June 24, 1969, decedent was a passenger in an automobile being driven by Donald R. Hammersley. They were proceeding southbound on Ramsey Boulevard which ends at a T-shaped intersection with Lincoln Drive in the City of Flint. The automobile failed to negotiate either turn, but continued in a southerly direction through a guardrail and down a sharp embankment onto a golf course. Both occupants of the automobile were killed.

At trial, substantial evidence was introduced indicating that the defendant city was negligent in the construction and maintenance of the intersection. No warning signs indicated to approaching drivers that Ramsey Boulevard ended, a street light at the intersection was reportedly malfunctioning, the guardrail was not adequate and it was painted a dull color, and weeds and grass were allowed to grow up around the intersection further concealing its unusual configuration.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Defendant city countered with the argument that both occupants were intoxicated, and that decedent was contributorily negligent in that he knew or should have known that the driver's ability to operate the automobile had been severely impaired by the consumption of alcoholic beverages. In support of this theory, evidence of the results of blood-alcohol tests performed on samples taken from both men was admitted at trial over the strenuous and continuing objection of the plaintiff. The tests disclosed a blood-alcohol content of .14 for Donald R. Hammersley and .18 for Gene Arthur Shreve.

Following arrival of the police at the scene of the accident, the bodies of the occupants were taken to Hurley Hospital. The investigating officer, Sergeant Haley, obtained authorization from the Chief Assistant Prosecuting Attorney of Genesee County to take blood samples. While Sergeant Haley watched, an unidentified person purporting to be an intern removed blood from the chest cavity of each body by use of a hypodermic needle, and injected the samples into vials which contained another substance thought to be an anticoagulant. These vials were labeled and placed in a locked box in a refrigerator. This information was presented at trial solely through the testimony of Sergeant Haley; the person who actually took the blood samples did not testify.

Plaintiff objected to the admission into evidence of the blood test results on the ground that criteria enunciated in *Gard v Michigan Produce Haulers,* 20 Mich App 402, 407–408; 174 NW2d 73 (1969), *lv den,* 383 Mich 777 (1970), had not been satisfied. The trial court rejected this argument and ruled that a "proper foundation" had been developed. The principal issue framed by the plaintiff on appeal is essentially that advanced at trial; the

testimony of Sergeant Haley was insufficient, in the absence of the testimony of the person who took the samples, to support introduction of evidence concerning the blood-alcohol test results.

This Court in *Gard v Michigan Produce Haulers, supra,* at 20 Mich App 407–408, laid down rules for the admissibility of blood sample analysis by quoting from *Lessenhop v Norton,* 261 Iowa 44, 52–53; 153 NW2d 107, 112 (1967):

"[T]he party seeking introduction must show (1) that the blood was timely taken (2) from a particular identified body (3) by an authorized licensed physician, medical technologist, or registered nurse designated by a licensed physician, (4) that the instruments used were sterile, (5) that the blood taken was properly preserved or kept, (6) and labeled, and (7) if transported or sent, the method and procedures used therein, (8) the method and procedures used in conducting the test, and (9) that the identity of the person or persons under whose supervision the tests were conducted be established."

Compliance with the first six criteria requires the testimony of the medically qualified person who took the blood sample. *Rose v Paper Mills Trucking Co,* 47 Mich App 1, 5; 209 NW2d 305 (1973). In the present case, that testimony is completely lacking. Furthermore, the testimony of Sergeant Haley was inadequate to show compliance with these rules, particularly items 3, 4 and 5. Sergeant Haley was unable to name the person who took the samples, much less testify as to his medical qualifications. Sergeant Haley could not know if the instruments were free from contamination, or if the samples were properly preserved. The foundation for the introduction of evidence of the blood-alcohol test results was inadequate; the trial court erred in admitting this evidence.

Reversed and remanded for a new trial. Costs to plaintiff.