WILLERICK v HANSHALLI

Docket No. 73259. Submitted May 4, 1984, at Grand Rapids.—Decided August 6, 1984.

Marcia Willerick brought a paternity action in Branch Circuit Court against Ali Hanshalli. The trial court, Thomas C. Megargle, J., ordered blood tests of the mother, child and putative father. The parties took the deposition testimony of Dr. Kately relative to the results of a human leukocyte antigen blood test. Dr. Kately's deposition testimony was to the effect that the blood test results indicated a 95.1 percent likelihood that defendant was the father of the child born to plaintiff. At trial, defendant objected to the admission of Dr. Kately's deposition testimony on the basis that plaintiff had failed to lay a sufficient foundation to establish that the blood samples tested by Dr. Kately were the blood samples taken from the parties and the child. Defendant's objection was overruled and Dr. Kately's deposition testimony and an exhibit relating to the blood test results were admitted. The jury thereafter found that defendant was the father of the child, and an order of filiation was entered. Defendant appealed. *Held:*

1. As a minimal foundational requirement necessary to insure the reliability of the blood test results, a plaintiff in a paternity action is required to show that the blood tested came from the mother, child and putative father and that the test results were based on reliable blood samples. To that end, it is necessary to establish a chain of identification of the blood samples from the time the samples were taken until the time the samples are analyzed.

2. Since it is clear from Dr. Kately's deposition testimony that someone other than the doctor took the samples, and since the doctor had no personal knowledge as to the method by which the blood samples were taken or whether the samples

REFERENCES FOR POINTS IN HEADNOTES

[1] 10 Am Jur 2d, Bastards § 118.
   Blood grouping tests. 46 ALR2d 1000.
[2] 23 Am Jur 2d, Depositions and Discovery § 153.
[3] 23 Am Jur 2d, Depositions and Discovery § 192.

which were analyzed were from the parties in this case, there was not a sufficient foundation laid as to the identification of the blood samples which were analyzed.

3. The failure of defendant to object at the time of the taking of the deposition did not preclude his objection to the admission of the deposition testimony at trial.

4. While the admission of the blood test results and the deposition testimony pertaining to those results was error requiring reversal, in the interest of judicial efficiency and to avoid the possibility of an unnecessary retrial, the plaintiff may file in the trial court a motion for an evidentiary hearing for the purpose of laying a sufficient foundation for the admission of the blood test results. If the trial court finds that a sufficient foundation has not been laid, it shall order a new trial.

Remanded with instructions.

1. EVIDENCE — PATERNITY — BLOOD TESTS — ADMISSIBILITY.

The results of human leukocyte antigen blood tests are admissible in a paternity action only after the plaintiff has presented testimony relative to the chain of identification of the samples of the blood such that it can be shown that the samples tested were, in fact, taken from the mother, child and putative father; such a foundation must be established by the testimony of those who actually took the blood samples and delivered them for testing (MCL 722.716[4]; MSA 25.496[4]; MRE 401).

2. DEPOSITIONS — OBJECTIONS — WAIVER — COURT RULES.

Objections are not waived by failure to make them before or during the taking of a deposition unless the ground of the objection is one which may be obviated or removed if presented when the deposition is taken (GCR 1963, 308.3).

3. DEPOSITIONS — EVIDENCE — ADMISSIBILITY.

Objections to the admissibility of deposition testimony can be adequately disposed of only by the exercise of the trial court's discretion; accordingly, objections to the admissibility of deposition testimony are properly made at trial rather than at the time of the taking of the deposition (GCR 1963, 308.3).

*John L. Livesay,* Prosecuting Attorney, and *Thomas J. Trzcinski,* Assistant Prosecuting Attorney, for plaintiff.

*Sam Friia,* for defendant.

Before: MacKenzie, P.J., and J. H. Gillis and J. Sullivan,* JJ.

MacKenzie, P.J. In this paternity action, defendant appeals as of right from an order of filiation entered by the trial court after a jury had determined that defendant is the father of plaintiff's daughter. The sole issue before us is whether the trial court erred in admitting the depositional testimony of Dr. Kately and an exhibit relating the results of a human leukocyte antigen (HLA) blood test, which results indicated a 95.1 percent likelihood that defendant was the father. Defendant argues on appeal, as he did below, that plaintiff had not laid a sufficient foundation for the admission of this evidence. We agree.

Since its amendment by 1982 PA 129, MCL 722.716(1); MSA 25.496(1) expressly has provided for HLA testing of the mother, child, and alleged father in paternity proceedings pursuant to court order, as was done in this case. Furthermore, MCL 722.716(4); MSA 25.496(4) provides as follows:

"(4) The result of a blood or tissue typing test, and if a determination of exclusion of paternity cannot be made, a calculation of the probability of paternity made by a person the court determines is qualified as an examiner of blood or tissue types based on the result of a blood or tissue typing test shall be admissible in evidence in the trial of the case."

The statute now permits admission of positive test results indicating the probability of paternity, and not merely negative test results excluding the defendant as was the case prior to the 1982 amendment. While the statute as amended does not set forth any foundation requirments for ad-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

mission, except that the probability of paternity be calculated by a person deemed qualified by the court, we do not believe that the Legislature intended that no other foundation requirements be applied.

To our knowledge, no prior appellate decision of this jurisdiction has addressed what foundation requirements must be met for admission of HLA test results in a paternity action. In cases involving admissibility of blood tests for alcohol, this Court has required the following foundation requirements:

" '[T]he party seeking introduction must show (1) that the blood was timely taken (2) from a particular identified body (3) by an authorized licensed physician, medical technologist, or registered nurse designated by a licensed physician, (4) that the instruments used were sterile, (5) that the blood taken was properly preserved or kept, (6) and labeled, and (7) if transported or sent, the method and procedures used therein, (8) the method and procedures used in conducting the test, and (9) that the identity of the person or persons under whose supervision the tests were conducted be established.' " *Gard v Michigan Produce Haulers,* 20 Mich App 402, 407-408; 174 NW2d 73 (1969), *lv den* 383 Mich 777 (1970) (quoting *Lessenhop v Norton,* 261 Iowa 44; 153 NW2d 107 [1967]). See also *People v Cords,* 75 Mich App 415, 427; 254 NW2d 911 (1977); *Clark v Flint,* 60 Mich App 364, 367; 230 NW2d 435 (1975); *Rose v Paper Mills Trucking Co,* 47 Mich App 1, 4; 209 NW2d 305 (1973), *lv den* 390 Mich 802 (1973).

We find we cannot simply impose these same requirements to HLA blood tests since not all of the requirements are applicable in the context of a paternity suit. For example, while (1) above regarding the timeliness of the blood test is relevant where a test for alcohol is conducted, it has no application to a test for paternity. Also, (3) above

does not wholly comport with the paternity statute, since MCL 722.716(2); MSA 25.496(2) states simply that the test be done by a person determined by the court to be qualified. Furthermore, with regard to (4) and (5) above, we are without knowledge as to whether sterility of the instruments, or any particular mode of storing the blood samples, is a prerequisite to accurate HLA test results. We question the pertinence of (8) above to paternity suits, since the Legislature in MCL 722.716(1); MSA 25.496(1), as amended, has seen fit to specifically describe the types of paternity blood tests that are acceptable and we are unaware as to whether differing methods exist as to each type of test. Finally, as to (9) above, we question the need for the identity of those who supervised the test except to the extent of showing compliance with MCL 722.716(2); MSA 25.496(2), which requires that the paternity calculation be done by a person determined qualified by the court.

Nevertheless, we believe certain minimal foundation requirements are necessary to insure reliability of the test results and relevancy under MRE 401. To this end, we hold that plaintiff was required to show that the blood tested was in fact that of the defendant, the plaintiff, and the child, and that the test results were based on reliable blood samples. See *People v Cords, supra,* p 428. This includes establishing a chain of identification from the time the blood samples are taken to the time the samples are analyzed:

" 'Where it "appears that the various steps in the keeping and transportation" of the specimen, part, or object from the time it was taken from the body until the time of analysis "were not traced or shown by the evidence" the identification of the thing analyzed is insufficient and the presumptions that official duty is

properly performed and that public records are correct will not supply missing links in the chain.'" *Bauer v Veith*, 374 Mich 1, 3; 130 NW2d 897 (1964) (quoting from 21 ALR2d 1216, § 4, p 1220).

Such a chain of identification must be shown by way of testimony based on personal knowledge. *Bauer, supra;* MRE 606.

In the present case, the sole testimony presented was that of Dr. Kately, who indicated that he only compiled and analyzed the test results. The blood samples were drawn, and the testing was done, by other department personnel. Dr. Kately could only testify as to the usual methods used by his staff personnel to verify the identity of the persons from whom the blood samples were drawn and to identify the samples as belonging to those persons; Dr. Kately had no personal knowledge as to whether those methods were indeed employed in the present case.

Plaintiff argues that Dr. Kately's testimony should be deemed sufficient, citing *Mason v Lovings*, 24 Mich App 101; 180 NW2d 73 (1970). In *Mason, supra,* pp 108-112, this Court found a sufficient foundation for admitting the results of an alcohol urine test where the police officer who took the defendant's urine sample had no independent recollection of receiving and tagging the sample, but was able to testify that in all suspected drunk cases he invariably took a urine sample, tagged it, and stored it and that he was sure that he had followed this procedure with respect to defendant. The *Mason* Court emphasized that the police officer "testified as to the standard procedures which he followed, not merely the procedures generally followed in his department". *Mason, supra,* p 110. *Mason* is distinguishable, since here Dr. Kately could only testify to the usual

procedures of others in his department. While a sufficient foundation would have been laid had plaintiff called the other staff members who could have testified based on their recollection or own personal habit, Dr. Kately's testimony was not adequate. Compare *Bauer, supra.*

We conclude that a sufficient foundation was not laid in the present case. Plaintiff's alternative argument is that defendant's objection at trial to admission of the HLA test evidence for lack of sufficient foundation was waived by reason of defendant's failure to object at the time of the taking of Dr. Kately's deposition, citing GCR 1963, 308.3(1):

"Objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if presented at that time."

We cannot agree. Challenges to the admissibility of deposition testimony constitute "an exception to the waiver provisions of the court rules", since they can be "adequately disposed of only by an exercise of the trial judge's discretion". *Moore v Lederle Laboratories,* 42 Mich App 689, 695; 202 NW2d 481 (1972), aff'd 392 Mich 289, 294; 220 NW2d 400 (1974); see also *Schalkofski v Lawrence,* 37 Mich App 686, 689-690; 195 NW2d 292 (1972).

The admission of the HLA test results without a sufficient foundation having been laid constitutes reversible error. However, in the interest of judicial efficiency and to avoid the possibility of an unnecessary entire retrial, pursuant to our powers under GCR 1963, 820.1(7), we order that plaintiff,

within 60 days, may file with the trial court a motion for an evidentiary hearing for the purpose of supplying the necessary testimony to lay a sufficient foundation for admission of the HLA test results. After the evidentiary hearing the trial court shall determine whether a sufficient foundation has been laid. Should the trial court find that a sufficient foundation was not laid, the trial court shall grant defendant a new trial. We do not retain jurisdiction.

Remanded for proceedings consistent with this opinion. No costs, a novel question of public significance having been presented.