## BAILEY *v.* PERKINS.

1. FRAUD — EXCHANGE OF PROPERTY — CONTRACTS — RESCISSION — LACHES.

   While a defrauded party, in an exchange of property, must act with diligence upon learning of the fraud perpetrated upon him, the law does not require action to rescind before he is reasonably certain that he has been defrauded.

2. SAME—RESCISSION—LACHES.

   Where one defrauded in the exchange of an automobile

worth $1,500 for a vulcanizing business worth not over $600 gradually found out that he had been defrauded, and began suit for rescission within about three months after the exchange, the defense of laches is not available.

3. SAME—RESCISSION—TENDER—SUFFICIENCY.

A letter written by plaintiff's attorney unequivocally tendering back the property received by plaintiff which was then in a store owned by defendant and to which he had a key, where it was of such character that manual delivery was not practicable, *held*, a sufficient offer to return to support rescission.

4. SAME—NOT A PREREQUISITE TO RESCISSION THAT EVERY SMALL ARTICLE BE RESTORED.

Although some of the stock had been used by plaintiff, where other stock had been purchased to take its place, and it was as valuable as when the exchange occurred, it was not necessary as a prerequisite to plaintiff's right to rescind that he be able to restore every small article that was in the shop when he took it.

5. SAME—GULLIBILITY OF PLAINTIFF NO DEFENSE TO RESCISSION.

In a suit to rescind a contract on the ground of fraud and deceit, it is no defense that plaintiff was unduly gullible.

Appeal from Isabella; Hart (Ray), J.     Submitted June 8, 1923.     (Docket No. 84.)     Decided July 19, 1923.

Bill by A. I. Bailey against J. J. Perkins to rescind an exchange of personal property on the ground of fraud.   From a decree for plaintiff, defendant appeals. Affirmed.

*F. H. Dusenbury* and *Virgil W. McClintic*, for plaintiff.

*Griswold & Cook*, for defendant.

The bill in this case was filed to rescind a transaction between the parties evidenced by two bills of sale and another instrument and for injunctive re-

lief.    Defendant by bill of sale transferred to plaintiff the equipment and his business of vulcanizing automobile tires and charging batteries, located at Lakeview.    Plaintiff by bill of sale transferred to defendant an Elgin automobile.    The other instrument permitted plaintiff to sell the automobile within six months and have any excess above $1,500 the sale produced.    It is established by the preponderance of the evidence that defendant represented that the vulcanizing outfit cost him $700 whereas it only cost him $400; that he represented that the business was a prosperous one whereas it was scarcely paying expenses; that a Linden Air Tank and a Prest-O-Lite tank in the shop were not owned by defendant; that certain batteries and battery chargers represented as new were built-over affairs; that the property transferred by defendant to plaintiff was not worth over $500 or $600 while that transferred by plaintiff to defendant was fully worth $1,500.    The trial judge granted the relief prayed and defendant appeals.

FELLOWS, J. (*after stating the facts*).    Having reached the conclusion that the facts are with the plaintiff and that he was defrauded in the transaction, it remains to consider whether the legal objections urged by defendant are sufficient to reverse the decree. The transaction took place January 18, 1921; the bill was filed April 29th following.    It is insisted that this constituted such laches as to preclude plaintiff from relief.    There is no doubt about the rule that a defrauded party must act with diligence upon learning of the fraud perpetrated upon him, but the law does not require action to rescind before the defrauded person is reasonably certain that he has been defrauded.    *Barron* v. *Myers*, 146 Mich. 510; *John Schweyer & Co.* v. *Mellon*, 196 Mich. 590; *Zadel* v.

*Simon,* 221 Mich. 180, and authorities there cited. The plaintiff testified:

"In taking possession of this property I found out that these things were wrong, gradually.     *     *     * I did not find out the truth about the cost of that vulcanizing outfit until, I should judge, a week or ten days or such a matter before I began this suit."

There was no unreasonable delay in bringing this action and the defense of laches is not available.

Before bringing this action plaintiff's attorney wrote defendant a letter unequivocally tendering back the property received by plaintiff in the deal.      The property was then in a store owned by defendant and to which he had a key.      It was property of such a character as could not be passed from hand to hand and we think under the circumstances there was a sufficient offer to return.      Some of the stock had been used but other stock had been purchased to take its place and we are satisfied that it was as valuable as when the transaction occurred; but it was not absolutely necessary that plaintiff should be able to restore every small article that was in the shop when he took it as a prerequisite to his right to rescind.      *Zadel* v. *Simon, supra,* and authorities there cited.

It is doubtless true that the plaintiff was a somewhat gullible individual.      But the law does not put its seal of approval upon frauds perpetrated on such individuals.      In *Smith* v. *McDonald,* 139 Mich. 225, it was said by this court:

"This contention assumes that the defrauded party owes to the party who defrauded him a duty to use diligence to discover the fraud.      There is no such obligation.      One who perpetrates a fraud cannot complain because his victim continues to have a confidence which a more vigilant person would not have.

"The rule contended for by plaintiff, which requires the same diligence from all persons, has no application to cases of fraud.      If it had, the very persons,

viz., the credulous and unwary, who are the usual victims of fraud, would be at a disadvantage, and would often be denied redress."

And in *John Schweyer & Co.* v. *Mellon, supra,* it was said:

"Where one makes false representations of material facts, which are exclusively within his knowledge, and the other party relies upon them to his injury, liability for such false representations follows and it does not lie in the mouth of the party perpetrating such fraud, when called to account, to say that his victim should have been more vigilant, should have been less credulous."

The defendant's counsel has not persuaded us that the legal objections urged by him prevents an affirmance of the decree, and it will be affirmed, with costs of this court to plaintiff.

WIEST, C. J., and McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.