PARSONSON v. CONSTRUCTION EQUIPMENT COMPANY

1. SALES—IMPLIED WARRANTY—WAIVER—SALE "AS IS"—DEFECTIVE MACHINE.

Reliance on defect in a machine or on an implied warranty theory of recovery is precluded in an action by the buyer against the seller or manufacturer of the goods under the Uniform Sales Act where the goods were purchased "as is" (CL 1948, § 440.71, since repealed and replaced by other provision [MCLA § 440.2316]).

2. APPEAL AND ERROR—FACT DETERMINATION—JURY.

The jury's decision on fact questions stands inviolate if supported by evidence; an appellate court substitutes its judgment for that of the trier of facts only when necessary to prevent an unsupported verdict from wreaking manifest injustice.

3. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — COMPARATIVE NEGLIGENCE.

A change in Michigan law from the contributory negligence rule to the comparative negligence rule will not be undertaken by the Court of Appeals; such a change is for either the state legislature or the state Supreme Court to make.

Appeal from Oakland, William R. Beasley, J. Submitted Division 2 May 6, 1969, at Detroit. (Docket No. 4,908.)   Decided June 25, 1969.   Re-

REFERENCES FOR POINTS IN HEADNOTES

[1]  46 Am Jur, Sales § 333.
Construction and effect of affirmative provision in contract of sale by which purchaser agrees to take article "as is," in the condition to which it is, or equivalent term.  24 ALR3d 465.
[2]  5 Am Jur 2d, Appeal and Error § 820 et seq.
[3]  38 Am Jur, Negligence § 176.

hearing denied August 5, 1969. Application for leave to appeal filed August 22, 1969.

Complaint by Robert Parsonson and Grace Parsonson against Construction Equipment Company, a partnership, its individual partners, and White Manufacturing Company, a foreign corporation, for breach of an implied warranty and negligence. Verdict and judgment of no cause of action. Plaintiffs appeal. Affirmed.

*Charfoos & Charfoos,* for plaintiffs.

*Kelly & Tatham,* for defendant Construction Equipment Company.

Before: HOLBROOK, P. J., and McGREGOR and BRONSON, JJ.

McGREGOR, J. Plaintiff suffered burns in 1963 while tending an asphalt machine assembled by defendant White Manufacturing Company and sold by defendant Construction Equipment Company. As plaintiff unscrewed a gas cap on a motor to check the fluid level, gasoline spewed out and ignited. The motor was one of five used to provide power for the portable asphalt plant. A clogged vent probably caused the accident, but the specific cause was not determined. Plaintiff, joined by his wife, filed suit to recover for his injuries, alleging breach of an implied warranty by both defendants and negligence by defendant White. The jury found in favor of defendants on both conditions—breach of implied warranty and negligence—and plaintiffs appeal.

Plaintiffs raise five issues, but only two are necessary for our decision: namely, whether defendants

breached an implied warranty, and whether defendant White was causally negligent.

The allegation of a breach of an implied warranty is inapposite as to both defendants. The asphalt plant was purchased "as is." By the use of that term, the buyer and plaintiff effectively waived defects in the machine and precluded their later reliance on an implied warranty. When the cause of action arose in 1963, the Uniform Sales Act was effective, including:

"Where any right, duty, or liability would arise under a contract to sell or sale by implication of law, it may be negatived or varied by expressed agreement, or by the course of dealing between the parties, or by custom, if the custom be such as to bind both parties to the contract or the sale." CL 1948, § 440.71.[1]

Plaintiff husband concedes that he testified the asphalt equipment was purchased "as is, where is." That language effectively excluded an implied warranty of fitness on behalf of both defendants. See *Richardson* v. *Messina* (1960), 361 Mich 364; 24 ALR3d 465.

Plaintiffs' arguments and proofs do not convince us that the jury was incorrect in finding no negligence on the part of defendant White. As a fact determination, the jury's decision stands inviolate if supported by the evidence. *Hendershot* v. *Kelly* (1968), 11 Mich App 173. An appellate court substitutes its judgment for that of the trier of facts only when necessary to prevent an unsupported verdict from wreaking manifest injustice. That is not the case here. The evidence amply supported the verdict.

---

[1] See MCLA § 440.2316 (Stat Ann 1964 Rev § 19.2316) for the present codification in the Uniform Commercial Code.

Plaintiff vigorously and perhaps wisely urges this intermediate appellate Court to promulgate a new rule for needed improvement of Michigan law, *i.e.,* comparative negligence, as being superior to our present contributory negligence rule on the merits. Such a potent change involves a type of social progress that should be provided by an alert, progressive State legislature. Failing there to secure the relief of a comprehensive statute, plaintiff may have a duty of presentation to our Supreme Court for judicial pronouncement on this question, where the necessary accompanying relevant procedural questions may be answered, and judicial implementation provided. Within the generally accepted duties of this Court, such a significant judicial breakthrough would be woefully deficient without the accompanying complexities carefully charted.

The remaining issues, being unnecessary to our decision, do not require our discussion. *In re State Highway Commissioner* (1963), 372 Mich 104.

Affirmed. Costs to defendants.

BRONSON, J., concurred.

HOLBROOK, P. J., concurred in the result.