BREWER v PAYLESS STATIONS, INC

Docket No. 78-1845. Submitted April 5, 1979, at Detroit.—Decided August 23, 1979.

John Brewer was injured in an automobile accident. The accident occurred when an automobile with unknown occupants was recklessly driven from a Payless Gas Station causing the driver of the vehicle in which Brewer was a passenger to swerve into a lane of oncoming traffic. The Brewer vehicle was struck by a third car, the gas tank on Brewer's car exploded, and Brewer was seriously burned. Brewer sued Payless Stations, Inc., for negligent design of its gas station. General Motors was joined as a party defendant on an allegation of negligent fuel tank design. Plaintiff settled with General Motors for $150,000. On the first day of the Brewer-Payless trial plaintiff filed a motion *in limine* seeking a lower court order prohibiting reference in the presence of the jury to plaintiff's settlement with General Motors. Wayne Circuit Court, John M. Wise, J., denied the motion holding that evidence of the settlement could go to the jury so that the jury could deduct the amount of the settlement from any damages that they might assess against defendant Payless. On appeal by leave granted, plaintiff challenges the propriety of the court's ruling. *Held:*

Reference to the pretrial settlement with General Motors is not material in the action against Payless. Plaintiff stipulated that the court could deduct the amount of the settlement from any verdict against Payless. The trial judge can effect such a deduction. Plaintiff cannot receive a double recovery. There is no need for the jury to know the amount of plaintiff's settlement with General Motors or, in fact, to even know that a settlement has occurred.

Reversed and remanded.

1. EVIDENCE — ISSUE OF FACT — RELEVANCY — ADMISSIBILITY — RULES OF EVIDENCE.

Evidence that has no bearing on a material issue of fact is not relevant and is inadmissible at trial (MRE 402).

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 249, 251, 252.
[2] 15A Am Jur 2d, Compromise and Settlement § 48.
29 Am Jur 2d, Evidence § 632.

2. Damages — Evidence — Cotortfeasor — Settlements — Admissibility — Jury.

Reference to a pretrial settlement with a cotortfeasor in the presence of a jury is inadmissible where a plaintiff has stipulated to permit the trial court to deduct the total amount of the settlement from any verdict the jury may render against the defendant because plaintiff will not receive a double recovery; and, assuming that the defendant is liable, there is no need for the jury to know the amount of plaintiff's settlement with the cotortfeasor or, in fact, to know that a settlement has occurred.

*Richard M. Goodman,* for plaintiff.

*Garan, Lucow, Miller, Lehman, Seward & Cooper, P.C.,* for defendant.

Amicus Curiae: *Richard F. Schaden, P.C.* (by *Victoria C. Heldman),* for Michigan Trial Lawyers Association.

Before: T. M. Burns, P.J., and M. F. Cavanagh and MacKenzie, JJ.

Per Curiam. Plaintiff John Brewer appeals by leave a May 11, 1978, circuit court order denying his motion *in limine* for a protective order to prohibit mention at trial of a pretrial settlement between plaintiff and General Motors Corporation, a prior codefendant.

Plaintiff was injured in an automobile accident on February 8, 1979. The accident occurred when an automobile with unknown occupants was recklessly driven from a Payless Gas Station causing the driver of the vehicle in which plaintiff was a passenger to swerve into a lane of oncoming traffic. Plaintiff's vehicle was struck by a third car, the gas tank on the Brewer car exploded, and plaintiff was seriously burned.

In December, 1973, plaintiff filed suit against Payless alleging that Payless had negligently de-

signed its gas station and that it had negligently maintained a nuisance. Plaintiff also joined as a defendant the General Motors Corporation, alleging negligent design of the fuel tank of plaintiff's vehicle.

In November, 1976, plaintiff and General Motors executed an indemnity release in which plaintiff, in consideration of $150,000, released General Motors from any liability for his injuries.

On May 8, 1978, the first day of trial on plaintiff's cause of action against Payless, plaintiff filed a motion *in limine* seeking a lower court order prohibiting reference in the presence of the jury to plaintiff's settlement with General Motors. The lower court denied plaintiff's motion, holding that evidence of the settlement could go to the jury so that the jury could deduct the amount of the settlement from any damages that they may assess against Payless.

Plaintiff sought, and was granted, permission of the Court to pursue an interlocutory appeal.

Recently, in *Stitt v Mahaney,* 403 Mich 711; 272 NW2d 526 (1978), the Supreme Court held that evidence of a plaintiff's settlement with one independent tortfeasor was admissible at plaintiff's subsequent trial against the remaining tortfeasor where the jury would be required to determine whether the settlement was meant to release the remaining tortfeasor from any liability and, if not, whether plaintiff had received full or partial satisfaction of his claim in the settlement such that a portion of its amount should be deducted from any judgment rendered against the remaining defendant. Thus, a superficial reading of *Stitt* would lead us to affirm the lower court's ruling. However, upon a closer reading of the Supreme Court's opinion, we hold that *Stitt* is distinguishable from

the instant case and that the lower court's ruling was in error.

Under the new rules of evidence, evidence that is not relevant, that is, has no bearing on a material issue of fact, is inadmissible at trial. MRE 402. In the instant case, unlike that of *Stitt,* evidence of plaintiff's settlement with General Motors had no bearing on an issue of fact for the jury.

In the case at bar, plaintiff has stipulated to permit the trial court to deduct the total amount of his settlement with General Motors from any verdict the jury may render against Payless. Thus, plaintiff has waived the right to have the jury consider whether only a portion of the General Motors settlement should be deducted from a possible judgment against Payless. Further, defendant in this case, Payless, does not argue as the defendant in *Stitt* did that this settlement purports to release it from any liability.

As is obvious, the reasons supporting the Supreme Court's decision in *Stitt* have no application here. Because plaintiff has stipulated to permit the trial court to deduct the total amount of the settlement with General Motors from any jury verdict against Payless, plaintiff will not receive a double recovery. As long as the jury can fairly determine the portion of plaintiff's damages caused by the negligence of Payless, assuming that Payless has any liability at all, there is no need for the jury to know the amount of plaintiff's settlement with General Motors or, in fact, to even know that a settlement occurred.

Plaintiff argues that evidence of a settlement is inadmissible under MRE 408. Because we find that, in this case, the evidence of a settlement did not meet the threshold for admissibility at trial, we decline to rule on the question presented by plaintiff.

Reversed and remanded. Costs to abide final outcome of this suit.