KUEPPERS v CHRYSLER CORPORATION

Docket No. 51525. Submitted April 21, 1981, at Detroit.—Decided
July 28, 1981. Leave to appeal applied for.

Geraldine Kueppers was injured when a press she was operating
severed her right hand. She was an employee of Gleason-Hol-
brook Manufacturing Company at the time of her injury.
Geraldine and her husband Carl Kueppers brought suit against
Chrysler Corporation as a previous owner of the machine and
numerous other defendants in Macomb Circuit Court. The sole
defendant remaining at the time of trial was Chrysler Corpora-
tion, the other defendants having been dismissed through sum-
mary judgment or on stipulation of the parties. The jury
returned a verdict of no cause of action and an order so
indicating was entered, Raymond R. Cashen, J. The plaintiffs
appeal alleging that (1) the trial court erred in allowing the
jury to be informed of the existence of prior defendants and the
fact that several of these defendants had settled with the
plaintiffs for certain specified amounts, (2) the trial court
improperly refused to admit into evidence portions of the
deposition of Ted Wahl, who had been an employee of Chrysler
Corporation at the time of the accident, (3) the trial court erred
in allowing into evidence subsequent remedial measures
adopted by the plaintiff's employer, and (4) the trial court erred

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 15A Am Jur 2d, Compromise and Settlement § 48.
[4] 20 Am Jur 2d, Courts § 69.
[5, 6] 5 Am Jur 2d, Appeal and Error § 783 *et seq.*
[7] 23 Am Jur 2d, Depositions and Discovery § 149.
[8]29 Am Jur 2d, Evidence § 252.
[9]29 Am Jur 2d, Evidence § 253.
[10, 11] 29 Am Jur 2d, Evidence §§ 275, 628.
[12] 5 Am Jur 2d, Appeal and Error §§ 891, 892.
    75 Am Jur 2d, Trial §§ 576, 610.
[13] 67 Am Jur 2d, Sales § 495.
[14] 67 Am Jur 2d, Sales § 496.
    Construction and effect of affirmative provision in contract of sale
    by which purchaser agrees to take article "as is" in the condition
    in which it is, or equivalent term. 24 ALR3d 465.
[15] 75 Am Jur 2d, trial §§ 574, 610.

in refusing to give a jury instruction requested by the plaintiffs.
*Held:*

1. The trial court's decision granting the admission of evidence of the settlements was error. This error was sufficiently prejudicial to the plaintiffs' substantial rights so as to warrant reversal. The defendant's purpose in admitting the evidence of settlement could only have been to prejudice the jurors. The trial court's acquiescence in its admission was an abuse of discretion which the court's limiting instruction could not cure.

2. The deposition testimony of Wahl was properly excluded by the trial judge who expressly found its probative value to be substantially outweighed by the potential for confusion that admission of the deposition would cause. In addition, Wahl was available to testify. The plaintiffs' claim of prejudice on this issue is without merit.

3. Here, the evidence of subsequent repairs to the press by Mrs. Kueppers's employer was relevant and its admission was not error.

4. The trial court's decision not to give the requested standard jury instruction was correct since the court properly determined that the instruction was inapplicable and did not accurately state the law.

Reversed and remanded.

1. EVIDENCE — PRIOR SETTLEMENTS.

The admission of evidence of a prior settlement agreement between another defendant and the plaintiff is a matter of judicial discretion.

2. EVIDENCE — PRIOR SETTLEMENTS.

The principal reason in favor of admitting evidence of a settlement with another defendant is to prevent a plaintiff's double recovery; where the parties have stipulated that from the damages ultimately determined by the jury there would be deducted the dollar amount of the settlement and that settlement with one party was not a release of the other parties, double recovery is precluded and the exclusion of evidence of the settlement is proper because of the failure of such evidence to meet the requirement of relevancy (MRE 402).

3. EVIDENCE — PRIOR SETTLEMENTS.

Evidence of a prior settlement with another defendant is immaterial and inadmissible where a plaintiff's counsel makes known his willingness to allow the trial court to make all necessary post-verdict adjustments to a judgment rendered.

4. WORDS AND PHRASES — DISCRETION.

Discretion involves the idea of choice, of an exercise of the will, of a determination made between competing considerations; in order to have an abuse in reaching such determination the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.

5. APPEAL — PREJUDICIAL ERROR — WORDS AND PHRASES.

A finding of prejudicial error depends on the circumstances of each case.

6. APPEAL — PREJUDICIAL ERROR — WORDS AND PHRASES.

Prejudicial error implies a conclusion that the substantial rights of a party were affected, and such error calls for reversal and a new trial regardless of whether the trial judge gave an instruction in an attempt to cure the error.

7. EVIDENCE — DEPOSITIONS — RULES OF EVIDENCE.

A trial court has discretion to exclude a deposition or portions thereof if it determines that the testimony contained therein is irrelevant (MRE 402).

8. EVIDENCE — RELEVANCY OF EVIDENCE.

The relevance of evidence is to be determined by the trial court, whose exercise of discretion is to be affirmed unless an abuse of discretion is manifest.

9. EVIDENCE — EXCLUSION — RULES OF EVIDENCE.

Generally, even relevant evidence can be excluded if its probative value is substantially outweighed by the danger of confusion of the issues or of misleading the jury (MRE 403).

10. NEGLIGENCE — EVIDENCE — SUBSEQUENT REPAIRS.

Generally evidence of subsequent repairs is inadmissible to show negligence, however, such a policy is not present where imposition of liability is not sought against the person taking the remedial action.

11. NEGLIGENCE — EVIDENCE — SUBSEQUENT REPAIRS.

Evidence of subsequent repairs of a machine after a plaintiff was injured by the machine in a trial for damages arising out of the injury is admissible to show negligence where: (1) evidence of a subsequent remedial action is otherwise relevant; (2) admission of the evidence would not offend policy considerations in favor

of encouraging repairs; and (3) the remedial action is not undertaken at the direction of a party plaintiff.

12. TRIAL — STANDARD JURY INSTRUCTIONS.

Prejudicial error will be presumed where there is an omission of, or a deviation from, an applicable and accurate standard jury instruction, provided that the erroneously omitted standard jury instruction was properly requested at trial and provided that, in those cases where error is charged as a result of a deviation from a standard jury instruction, said deviation was brought to the attention of the trial court prior to the commencement of jury deliberations.

13. SALES — IMPLIED WARRANTIES.

Generally, parties to a transaction may negate an implied warranty with proper language showing such intention.

14. SALES — IMPLIED WARRANTIES.

Reliance on an implied warranty theory of recovery is precluded where the goods were purchased "as is".

15. TRIAL — STANDARD JURY INSTRUCTIONS.

A trial judge's discretion is required in determining whether or not a requested standard jury instruction is applicable and whether or not the instruction accurately states the law.

*Goldsmith, Yaker & Goldsmith,* for plaintiffs.

*Dice, Sweeney, Sullivan & Feikens, P.C.* (by *Ronald F. DeNardis),* for defendant.

Before: N. J. KAUFMAN, P.J., and ALLEN and D. C. RILEY, JJ.

N. J. KAUFMAN, P.J. Plaintiff Geraldine Kueppers was injured on October 8, 1973, when a press she was operating severed her right hand. At the time she was an employee of Gleason-Holbrook Manufacturing Company. This appeal results from the circumstances of that injury.

The procedural history of the instant case is quite lengthy and complex. For purposes of this appeal, however, only certain portions of this his-

tory are of import. Numerous defendants were sued by plaintiffs. Some were dismissed on stipulation or motion for summary judgment. Prior to the time of trial, others of these defendants settled with plaintiffs in amounts varying between $30,-000 and $50,000, for a total settlement of $180,000.

On April 1, 1980, the sole defendant remaining in the case was Chrysler Corporation. A trial took place in Macomb County Circuit Court, at the conclusion of which a verdict of no cause of action was returned. Plaintiffs now appeal as of right, pursuant to GCR 1963, 806.1.

Prior to trial, plaintiffs brought a motion to strike any references to prior defendants or the fact that any settlements had been reached between them and plaintiffs. Defendant objected to plaintiffs' motion on the ground that the defendant desired to comment on the pleadings filed by other defendants in the case and that it would severely confuse the jury in that they would not know how to apportion the alleged negligence of Chrysler without knowing that there were other defendants that had settled with the plaintiffs. The trial court determined that it was best to let the jury hear what had actually transpired. If they were not allowed to do so, it would be "misleading".

In addition, plaintiffs made a motion to exclude any reference to subsequent repairs or modifications to the press made by Geraldine Kueppers's employer. The trial court, after noticing that it was plaintiff's employer who made the modifications after the accident and that liability could not be imposed upon the employer, ruled that references to subsequent modifications would not be excluded.

On appeal, plaintiffs raise four issues, the first of which we believe to be dispositive of the case.

Plaintiffs' initial allegation is that the trial court erred in allowing the jury to be informed of the existence of prior defendants and the fact that several of these defendants had settled with plaintiffs for certain specified amounts.

The trial judge ruled that evidence of prior settlements would not be violative of MRE 402 or MRE 408, neither rule, he felt, being applicable to the instant case. At issue is the following holding of the trial court:

*"The Court:* All right. Apparently it's within the sound discretion of the Court as to whether the motion should be granted.

"I am going to find, gentlemen, that the jury is entitled to hear everything that's transpired in this matter.

"In reading these cases, I do not find that the testimony should be excluded.

"The *Brewer* case is not on all fours. MRE 402 and 408 are not applicable as cited.

"The general rule of materiality exists in any circumstance and cannot be used specifically to prevent evidence coming into this file that pertains to one injury in the succession of one machine. I just don't see how we can cut it. It would be misleading to the jury, and it would be attempting to establish a fact that is not truthful.

"I think the best movement is to allow the jury to hear the entire facts; take the charge of the Court and in the course of their performance, decide whether or not the remaining defendants are liable.

"The jury will understand that if an award is entered, the total award for damages, any settlement will be deducted from the total award; the remaining sum will be the net judgment to go against whoever the jury finds is liable.

"To hold otherwise, I think would be an absolute charade. I just don't think it would be a search for the truth. It would be a fiction of some sort in view of what's happened with some prior defendants.

"The motion in limine is denied."

We believe that the trial court's reasoning on this matter was not correct.

MRE 408 provides:

"Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."

This Court has given little guidance in the interpretation of the aforementioned rule but rather has decided issues similar to the one in question under MRE 402. This rule requires that any evidence presented meet a threshold prerequisite of relevancy to issues remaining at trial. The rule provides:

"All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of the State of Michigan, these rules, or other rules adopted by the Supreme Court. Evidence which is not relevant is not admissible."

The relevancy issue was addressed in *Wilson v W A Foote Memorial Hospital,* 91 Mich App 90, 96-97; 284 NW2d 126 (1979), *lv held in abeyance*

409 Mich 868 (1980), in a case concluded at the trial level prior to the effective date of MRE 408. The *Wilson* Court addressed the issue of the propriety of informing the jury of a prior settlement and decided that admission of proof of a prior settlement agreement between a defendant and the plaintiff is a matter of judicial discretion. See also *Stitt v Mahaney,* 403 Mich 711; 272 NW2d 526 (1978), *Croda v Sarnacki,* 106 Mich App 51; 307 NW2d 728 (1981).

However, in *Brewer v Payless Stations, Inc,* 94 Mich App 281, 284; 288 NW2d 352 (1979), *lv gtd* 409 Mich 871 (1980), another panel of this Court held:

> "Under the new rules of evidence, evidence that is not relevant, that is, has no bearing on a material issue of fact, is inadmissible at trial. MRE 402. In the instant case, unlike that of *Stitt,* evidence of plaintiff's settlement with General Motors had no bearing on the issue of fact for the jury.
>
> "In the case at bar, plaintiff has stipulated to permit the trial court to deduct the total amount of his settlement with General Motors from any verdict the jury may render against Payless. Thus, plaintiff has waived the right to have the jury consider whether only a portion of the General Motors settlement should be deducted from a possible judgment against Payless. Further, defendant in this case, Payless, does not argue as the defendant in *Stitt* did that this settlement purports to release it from any liability.
>
> "As is obvious, the reasons supporting the Supreme Court's decision in *Stitt* have no application here. *Because plaintiff has stipulated to permit the trial court to deduct the total amount of the settlement with General Motors from any jury verdict against Payless, plaintiff will not receive a double recovery.* As long as the jury can fairly determine the portion of plaintiff's damages caused by the negligence of Payless, assuming that Payless has any liability at all, there is no need for

the jury to know the amount of plaintiff's settlement with General Motors or, in fact, to even know that a settlement occurred." (Emphasis added.)

The identical question was recently addressed by a panel of this Court in *Silisky v Midland-Ross Corp,* 97 Mich App 470, 480-481; 296 NW2d 576 (1980). The *Silisky* Court reviewed cases involving the issue before us and Judge ALLEN stated:

"However, the decisions [as to whether evidence of settlements may be offered on the issue of damages] can largely be reconciled. It is evident that the principal reason in favor of admitting evidence of settlements is to prevent double recovery. *Wilson v W A Foote Memorial Hospital,* 91 Mich App 90, 96-97; 284 NW2d 126 (1979). *Where, as in the case before us, the parties have stipulated that from the damages ultimately determined by the jury there would be deducted the dollar amount of the settlement and that settlement with one party was not a release of the other parties, double recovery is precluded.*

* * *

"The facts in the instant case are not distinguishable from *Brewer.* In both cases plaintiff agreed that the court could subtract from the jury award of damages the amount of the settlement. Accordingly, we find that the trial court's exclusion of evidence of the settlement was proper for failure of such evidence to meet the MRE 402 threshold requirement of relevancy." (Footnote omitted, emphasis added.)

Thus, the admission of evidence of settlements was held to be improper where the evidence did not meet the threshold requirement of relevancy. It was not demonstrated that the jury could not fairly determine the portion of plaintiffs' damages allegedly caused by defendant without knowledge of the previous settlements.

As in *Silisky* and *Brewer,* there was no danger

of double recovery in the instant case. The parties had stipulated that the settlement amount would be deducted from the amount of damages determined by the jury. Therefore, we conclude that evidence of settlement was not relevant under MRE 402.

Although there is a paucity of Michigan authority directly on point, it would seem that evidence of settlement in the instant case would also be improper under MRE 408. While evidence of an offer to compromise is admissible for purposes other than establishing liability, the other purposes enumerated by the rule were not at issue here.

In the case at bar, evidence of the settlement was purportedly offered by the defendant to prevent an excessive verdict or double recovery for the plaintiffs. If MRE 408 is given an interpretation similar to that of FRE 408, see *In re General Motors Corp Engine Interchange Litigation,* 594 F2d 1106, 1124, fn 20 (CA 7, 1979), it would seem that the trial court was required, at the very least, to exercise its discretion in determining the relevance and possible prejudicial impact of the evidence. See also *Jackson v Shell Oil Co,* 401 F2d 639, 643 (CA 6, 1968).

Although we feel an interpretation of the scope of MRE 408 is desirable, we deem, as in the Michigan cases previously decided, that this case does not demand such analysis. As in *Croda v Sarnacki, supra,* MRE 408 is not truly applicable to the instant case.

However, a consideration of the issue in terms of questions of relevancy alone leads us to the conclusion reached in *Brewer* and *Silisky, supra.* This is the position adopted by Judge BRONSON in his dissenting opinion in *Croda, supra.* Judge BRONSON

acknowledged that, standing alone, MRE 408 was not directly applicable to the controversy, the jury having been informed of the settlement for reasons other than proving the validity or invalidity of the claim. In *Croda,* the amount of settlement with the other defendants was extremely small, while in the instant case the amount was relatively large; therefore the possibility for prejudice took a different form, that is the jury in *Croda* might have concluded that plaintiff's claim was of dubious validity, given the low amount of the other settlement. 106 Mich App 62. In the instant case, we can only speculate that the prejudice might have lain in the fact that upon hearing that plaintiff had already received $180,000 from other defendants and knowing of Chrysler Corporation's financial problems, the jury may have concluded that plaintiff had been sufficiently remunerated for her injury.

It is not, however, necessary to speculate on the nature of the prejudice, if any, suffered by plaintiff in the case at bar. It is sufficient to say that we adopt the rule stated in *Brewer* and *Silisky* and in the dissenting opinion in *Croda* and state that when plaintiff's counsel makes known his willingness to allow the trial court to make all necessary post-verdict adjustments to a judgment rendered, "the fact of the settlement [is] immaterial and inadmissible". *Croda, supra,* 63.

Under MRE 402, we believe the trial court was required to exercise its discretion to determine the relevance and possible prejudicial impact of the evidence of settlement. In *Spalding v Spalding,* 355 Mich 382, 384-385; 94 NW2d 810 (1959), the Supreme Court defined judicial actions which will constitute an abuse of discretion:

"The term discretion itself involves the idea of choice,

of an exercise of the will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias."

A review of the evidence offered and the rationale suggested for the admission discloses such abuse of discretion by the trial court. Thus, under either MRE 402 or MRE 408, the trial court's decision granting the admission of evidence of the settlements was error.

A determiantion must be made as to whether the error was harmless. Such determination may be made according to the standards set forth in *Ilins v Burns,* 388 Mich 504, 510-511; 201 NW2d 624 (1972):

"The question then arises as to whether or not the error was harmless under GCR 1963, 529. A finding of *prejudicial* error depends on the circumstances of each case (3 Honigman & Hawkins, Michigan Court Rules Annotated [2d ed], Comments, p 228); the excessiveness or unfairness of the verdict *(Ford v Cheever,* 105 Mich 679 [1895]; *McDonald v Champion Iron & Steel Co,* 140 Mich 401 [1905]); the intent of counsel in introducing such evidence *(Cluett v Rosenthal,* 100 Mich 193 [1894]; *Nemet v Friedland,* 273 Mich 692 [1935]); and whether the evidence went to the substantive issues of the case *(Burns v Kieley's Estate,* 242 Mich 668 [1928]).

"Once prejudicial error is found, the cases call for reversal regardless of whether the trial judge gave an instruction in an attempt to cure the error. *Potentially* prejudicial error can be cured. Prejudicial error, however, implies a conclusion that the substantial rights of the party were affected. Such error calls for reversal and new trial." (Footnote omitted; emphasis in original.)

Applying this standard, this Court finds the aforementioned error to be sufficiently prejudicial to plaintiffs' substantial rights so as to warrant reversal. Defendant's purpose in admitting the evidence of settlement could only have been to prejudice the jurors. The trial court's acquiescence in its admission was an abuse of discretion which the court's limiting instruction could not cure. For these reasons, we find that the case must be reversed and remanded for a new trial in which the evidence of settlement may not be admitted.

Although our resolution of this issue is dispositive of the instant case, we address plaintiffs' remaining issues in the event this action is retried.

Plaintiffs' first remaining allegation of error is that the trial court improperly refused to admit into evidence portions of the deposition of Ted Wahl, who had been an employee of Chrysler Corporation at the time of the accident. The court's rationale for its refusal was that certain portions of the deposition testimony were irrelevant and confusing.

The admission of depositions is governed by GCR 1963, 302.4, which provides in pertinent part:

"At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far *as admissible under the rules of evidence,* may be used against any party who was present or represented at the taking of the deposition or who had due notice thereof, in accordance with any 1 of the following provisions:

* * *

"(2) The deposition of a party or anyone who at the time of the transaction or occurrence out of which the action arose or at the time of taking the deposition was an officer, director, employee, or agent of any party may be used by an adverse party for any purpose." (Emphasis added.)

The key language in the rule is that the deposition must be admissible under the rules of evidence. The trial court therefore has discretion to exclude the deposition or portions thereof if it determines that the testimony contained therein is irrelevant. MRE 402. See, for example, *Moldovan v Allis-Chalmers Manufacturing Co,* 83 Mich App 373, 382-383; 268 NW2d 656 (1978), *cert den* 444 US 1034 (1980). Although there is authority to the contrary, see *Mendyk v Michigan Employment Security Comm,* 94 Mich App 425, 436; 288 NW2d 643 (1979), a majority of panels of this Court which have addressed this issue in previous cases have agreed that the relevance of evidence is to be determined by the trial court, whose exercise of discretion is to be affirmed unless an abuse of discretion is manifest. *Kujawski v Cohen,* 56 Mich App 533, 540; 224 NW2d 908 (1974), *Birous v Thompson-Brown Co,* 67 Mich App 502, 513; 241 NW2d 265 (1976), *lv den* 397 Mich 808 (1976), *Schalkofski v Lawrence,* 37 Mich App 686; 195 NW2d 292 (1972).

Here, the trial judge excluded portions of the deposition because he believed that the testimony contained therein would confuse and mislead the jury. Generally, even relevant evidence can be excluded if its probative value is substantially outweighed by the danger of confusion of the issues or of misleading the jury. MRE 403. *Grubaugh v City of St Johns,* 82 Mich App 282; 266 NW2d 791 (1978), *lv den* 404 Mich 804 (1978).

Wahl's testimony, when considered in its entirety, is not as conclusive as plaintiffs would have this Court believe. Wahl did not testify as to the specific modification or lack of modification done to the press in question. Indeed, his testimony could not be generalized to show that certain modifica-

tions were standardized procedures. Certainly then, this testimony was not relevant to show that Chrysler put a dangerous instrumentality into the stream of commerce. It was therefore properly excluded by the trial judge, who expressly found its probative value to be substantially outweighed by the potential for confusion that admission of the deposition would cause.

Additionally, the fact remains that Wahl was available to testify. On April 4, 1980, after the trial court ruled that only certain portions of Wahl's deposition would be admitted into evidence, Wahl was subpoenaed by plaintiffs. However, he was never called upon to testify. It seems that had plaintiffs wished to fully cross-examine Wahl, they certainly could have called him as a witness at trial. Plaintiffs' claim of prejudice on this issue is, therefore, without merit. See *Duckett v North Detroit General Hospital,* 84 Mich App 426, 433; 269 NW2d 626 (1978).

Plaintiff's next assignment of error concerns the trial court's allowance of evidence of subsequent remedial measures adopted by plaintiff's employer, Gleason-Holbrook.

MRE 407 reads as follows:

"When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility or precautionary measures, if controverted, or impeachment."

MRE 407 is consistent with prior Michigan law. As a general rule, evidence of subsequent repairs

has been held inadmissible to show negligence. *Grawey v Board of Road Comm'rs,* 48 Mich App 742, 749; 211 NW2d 68 (1973), *lv den* 390 Mich 814 (1973). However, in *Denolf v Frank L Jursik Co,* 395 Mich 661; 238 NW2d 1 (1976), the Supreme Court held that such a policy is not present "where imposition of liability is not sought against the person taking the remedial action". *Denolf, supra,* 667. The admission of such evidence was permitted in *Denolf* to prove negligence, but was limited to situations where: (1) evidence of a subsequent remedial action is otherwise relevant; (2) admission of the evidence would not offend policy considerations in favor of encouraging repairs; and (3) the remedial action is not undertaken at the direction of a party plaintiff. See, for example, *McLaughlin v Great Lakes Contracting Co of Detroit,* 82 Mich App 729; 267 NW2d 489 (1978).

Plaintiffs argue that the evidence was not relevant and therefore inadmissible. MRE 402. In addition, it is argued that even if the evidence was relevant, it is nevertheless inadmissible because its probative value is substantially outweighed by its prejudicial content. MRE 403. These arguments are without merit. The evidence was relevant. As stated in *Denolf, supra:*

"Such evidence is said to be irrelevant because it is capable of explanations equally as plausible as an admission by conduct of pre-accident neglect of duty. If relevancy were the only criteria, Professors Wigmore and McCormick both point out that such evidence would meet the usual standards of relevancy." *Id.,* 667. (Footnotes omitted.)

The Court also noted is passing:

"As will be seen *infra,* we hold today that post-occur-

rence modifications should not only be relevant, but also the policy considerations regarding encouragement of repairs must be inapplicable before such evidence becomes admissible." *Id.,* 667, fn 4.

Finally, plaintiffs argue that the trial court erred in refusing to give a jury instruction requested by plaintiffs. Plaintiffs contend that the court erred in refusing to inform the jury of plaintiffs' implied warranty cause of action although plaintiffs requested that SJI 25.21 be given. The requested instruction reads as follows:

"When I use the words implied warranty, I mean a duty imposed by law which requires that the (manufacturer's) (seller's) product be reasonably fit for the purpose(s) and use(s) intended or reasonably foreseeable by the (manufacturer) (seller)."

Plaintiff argues that GCR 1963, 516.6(2) mandates that said instruction be given.

GCR 1963, 516.6(2) provides:

"Pertinent portions of Michigan Standard Jury Instructions (SJI) published under authority of this subrule shall be given in each civil case in which jury instructions are given if (a) they are applicable and (b) they accurately state the applicable law."

In *Javis v Ypsilanti Board of Education,* 393 Mich 689, 702-703; 227 NW2d 543 (1975), the Supreme Court discussed the scope of GCR 1963, 516.6(2) and stated:

"We accordingly adopt a strict rule that we believe will provide economy in administration and fairness to the parties: Where there is an omission of, or a deviation from an applicable and accurate SJI, prejudicial error will be presumed; provided that the erroneously omitted SJI was properly requested at trial; and, pro-

vided that in those cases where error is charged as a result of a deviation from a SJI, said deviation was brought to the attention of the trial court prior to the commencement of jury deliberations."

The aforementioned principles must be applied to the case at bar.

Plaintiffs' attorney requested that SJI 25.21 be given. The trial court refused to do so. In regard to the contested instruction the following colloquy occurred:

"*The Court:* The record should reflect that the Court has counsel here in chambers and we have been discussing the charge to the jury and some requests have been made to the Court that the Court declines to give at this point, and we are going to make a record concerning that so counsel will be protected.

"*Mr. Goldsmith:* Yes, your Honor. In this regard it is the plaintiff's position that since the facts, as far as plaintiff is concerned, will establish the fact that a defective product left the seller, and that defective product caused an injury, that pursuant to applicable Michigan law, that the instruction should be given pertaining to implied warranty and specifically request is made 25.21 of the Michigan Standard Jury Instructions 25.21, 25.22, 25.23.

"The Court indicated it will not give that instruction and plaintiff is limited in his position, that of negligence, so I just want to make that record.

"*The Court:* The record should reflect that the Court declines to give it, feeling that the situation is governed by MCLA 440.2316, 440.2317.

"*Mr. Goldsmith:* That would be the only objection, your Honor."

It is this Court's belief that the trial court did not err in its decision to deny the requested instruction.

Generally, parties to a transaction may negate

an implied warranty with proper language showing such intention. See *Richardson v Messina,* 361 Mich 364; 105 NW2d 153 (1960). In *Parsonson v Construction Equipment Co,* 18 Mich App 87; 170 NW2d 479 (1969), reliance on an implied warranty theory of recovery was precluded where the goods were purchased "as is". See MCL 440.2316; MSA 19.2316 for exclusion or modification of warranties in commercial transactions. *Curby v Mastenbrook,* 288 Mich 676; 286 NW 123 (1939). Believing the instant case to be similar to *Parsonson, supra,* it was not error for the trial court to rule that plaintiffs could not maintain their implied warranty claim.

In support of this conclusion is *Blanchard v Monical Machinery Co,* 84 Mich App 279; 269 NW2d 564 (1978), a case misconstrued by plaintiffs. In *Blanchard,* the plaintiff was injured in 1974 when he accidentally tripped on an unguarded foot treadle, causing an air-operated clamp to close on his thumb. The clamp, which had been manufactured prior to 1965, was allegedly sold to plaintiff's employer on an "as is" basis. Plaintiff brought suit against several defendants, including defendant Monical, claiming negligence and breach of warranty. Monical moved for and was granted a directed verdict on the basis that it owed no duty to plaintiff because it sold the machine to a knowledgeable, sophisticated and experienced furniture dealer which had its own safety department. This Court, in reversing the trial court, stated:

"Plaintiff claims defendant seller is liable for failure to install a safety guard on or around the foot treadle and for failure to warn users of a possible danger in accidentally tripping the foot treadle. The trial court concluded that, as a matter of law, defendant did not

owe plaintiff any duty. He said to require a seller, who sells an 'ancient machine', 'as is', to a knowledgeable furniture company that had its own safety engineer, to install a safety guard around the foot treadle and to warn users of a possible danger in accidentally tripping the foot treadle, would be an exercise of the absurd. It may well be that a jury will so conclude, but under the law, it is for the jury, not the judge, to so find.

"*Contrary to the trial judge's conclusion, defendant seller owed a general duty to plaintiff user to exercise the reasonable care required of a reasonably prudent seller under the existing circumstances.* Certainly, the age of the equipment and the condition it was in when it left defendant seller's possession would be relevant factors in the jury's determination of whether the duty owed plaintiff was breached. But, it is not the rule that, as a matter of law, used machinery dealers owe no duty to persons injured by their products.

\* \* \*

"Nor can we find any reason to relieve defendant seller of his duty of care merely because he is dealing in used rather than new goods. There is no indication in the Uniform Commercial Code of an intention to completely relieve a seller of used goods of his duty of care to persons affected by the use of those goods. Nor have we been able to find authority for so doing.

"Further, the designation of the sale in the within case as being on an 'as is' basis, does not relieve defendant seller of his duty of care. While disclaimers are generally not favored, the Uniform Commercial Code, recognizing that they have some utility in promoting free commerce, provides for such disclaimers in limited circumstances. *However, whatever the impact of the UCC warranties and disclaimer attempted by defendant seller in the within case, it does not result in relieving defendant seller of his duty of care to plaintiff under the common law.* Common-law tort liability in Michigan is distinct from the warranty liabilities imposed by the Uniform Commercial Code, and may not be abrogated by the disclaimers permitted under the code." 84 Mich App 282-284. (Emphasis added; footnotes omitted.)

*Blanchard* does not require that an implied warranty instruction per se be given, only that the jury be instructed as to the duty of a used equipment dealer "to exercise the reasonable care required of a reasonable, prudent seller under the existing circumstances". Here, the instructions of the trial court adequately informed the jury of such a duty.

The instruction, as given, stated:

"Now, when I use the word 'negligence' with respect to the defendant's conduct, I mean the failure to do something which a reasonably careful seller would do or the doing of something which a reasonably careful seller would not do under the circumstances which you find existed in this case.

"It is your duty to decide what a reasonably careful seller would do or not do under such circumstances.

"I am going to repeat that because it is the first time you ever heard it and listen * * *."

The trial court therefore correctly determined that SJI 25.21 was inapplicable and instructed the jury accordingly. In *Socha v Passino,* 405 Mich 458, 467; 275 NW2d 243 (1979), the Supreme Court held:

"We do not believe *Javis* totally constrains the discretion of trial judges. The judge's discretion is still required in determining whether or not the instruction is applicable and whether or not the instruction accurately states the law." (Footnote omitted.)

In the case at bar, the trial court properly determined that SJI 25.21 was inapplicable and did not accurately state the law. The decision not to give the requested instruction was, accordingly, correct.

It is, thus, our conclusion that the trial court committed reversible error by admitting into evidence testimony that pertained to prior settlements obtained by plaintiffs with certain previous defendants. Plaintiffs' other allegations of error, however, are incorrect.

Reversed and remanded for new trial in accordance with this opinion. Costs to plaintiffs.