LAZEROW *v.* LAZEROW.

1. DIVORCE—NONSUPPORT—BURDEN OF PROOF—EVIDENCE.
    Record in wife's suit for divorce *held,* to support trial judge's
    finding that she had not borne the burden of proof of establish-
    ing ground for divorce because of nonsupport by failing to show
    defendant had grossly or wantonly and cruelly refused or
    neglected to support her (CL 1948, § 552.7).

2. APPEAL AND ERROR—DE NOVO REVIEW—EVIDENCE.
    The Supreme Court gives great weight to the view of the evidence
    persuasive to the trial judge who heard a divorce case.

3. SAME—SEPARATE RECORD—DISCRETION OF COURT.
    The statute providing for a separate record as to testimony in a
    chancery case which the trial court deems incompetent, irrele-
    vant, or immaterial gives discretion to the judge as to whether
    such separate record should be made (CL 1948, § 617.5).

4. SAME—SEPARATE RECORD—DISCRETION OF COURT.
    Abuse of discretion on part of trial judge in suit for divorce
    *held,* not to have been shown with respect to his refusal to
    permit plaintiff wife to make a separate record as to testimony
    sought to be elicited from bank employee about the bank
    account of the adult son of the parties, where counsel has not
    indicated either what he expected to find or what he hoped
    to prove thereby (CL 1948, § 617.5).

Appeal from Wayne; Targonski (Victor), J.   Sub-
mitted April 6, 1960.   (Docket No. 18, Calendar No.
47,778.)   Decided December 2, 1960.

Bill by Sophie Lazerow against Joseph Lazerow
for divorce on grounds of extreme and repeated

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce and Separation § 437.
[2] 3 Am Jur, Appeal and Error § 912.
[3,4] 3 Am Jur, Appeal and Error § 642.

cruelty and nonsupport.   Bill dismissed.   Plaintiff
appeals.   Affirmed.

*Hugh K. Davidson,* for plaintiff.

*Davidow & Davidow,* for defendant.

EDWARDS, J.   This is a suit for divorce brought by
a wife against her husband after 32 years of mar-
riage.   The parties at time of trial were 59 and 62
respectively.   One son, now of full age, was born of
the marriage.   The grounds for divorce alleged by
the wife were extreme cruelty and nonsupport.

The suit was contested by the husband.   There
was a direct conflict of evidence about the arguments
between the parties upon which the wife based her
claim of extreme cruelty.   As to these episodes, the
chancellor accepted defendant husband's version and
denied the divorce.   On appeal no issue is presented
to us as to this ground.

On appeal the wife does contend, however, that
she established nonsupport as a ground for divorce.
The factual background of the nonsupport charge is
a somewhat unusual one.

The marriage was apparently a normally stable
one for many years.   The husband was employed as
a floor layer and sander.   He worked steadily and
brought his pay check home to the wife.   She paid the
bills and deposited what savings she could.   During
World War II the wife worked in a factory and their
joint savings were deposited in a bank account.   By
1952 these savings totaled over $18,000.

As a result of arguments which had arisen be-
tween the parties, they decided to and did divide
this sum equally, with each party receiving approxi-
mately $9,000.

Most of the balance of this record pertains to what
happened to these 2 shares of the family savings.

The wife's testimony indicates that out of her $9,000 her husband received an additional $2,200. This, she testified, she gave him because he demanded it. The balance she claimed at trial to have spent on her own maintenance.

The husband testified at trial that he had invested $11,000 in a house on Emily street, which is owned jointly by the parties, and the sale of which on land contract, he testified, currently produces their only income. He indicated that his share of the savings had gone into the Emily street house and that his earnings had been spent on family maintenance until 1955, since which time he testified arthritis had disabled him.

Each party sought diligently by implication and cross-examination to prove that the other actually had concealed assets of some magnitude. These efforts did not convince the judge who heard the matter, nor does the written record appear persuasive to us on this point.

The basic facts pertaining to support appear to be that wife and husband have lived together in their own house for 32 years and were still living there at the time of trial—that the husband furnished the necessities of life for the family until the filing of the divorce petition by the wife—and that subsequent thereto he brought home food for them both, paid household bills and paid small sums of support to her as ordered by the court.

The principal element of nonsupport actually established is that the husband has given the wife no cash (except on order of the court) since the division of the joint savings in 1952. He testified that he did buy the food and pay the bills for the household until he became unable to work. Since then some of the utilities have been disconnected.

The statutory provision applicable in Michigan to absolute divorce on grounds of nonsupport is:

"Divorce may be decreed on the complaint of the wife, when the husband, being of sufficient ability to provide a suitable maintenance for her, shall grossly or wantonly and cruelly refuse or neglect so to do." CL 1948, § 552.7 (Stat Ann 1957 Rev § 25.87).

The circuit judge who heard the testimony concluded that plaintiff wife had not borne the burden of proof of establishing grounds for the divorce.

While we review this record *de novo,* we give great weight to the view of the evidence which was persuasive to the judge who heard the matter. *Hartka* v. *Hartka,* 346 Mich 453. Further, when we compare the testimony to the statutory standard, we are unable to say that had we been in the place of the circuit judge we would have reached another conclusion. Under such circumstances, we do not reverse. *Chubb* v. *Chubb,* 297 Mich 501; *Hadley* v. *Hadley,* 323 Mich 555.

During the course of trial appellant's attorney called and sought to examine a bank employee about the bank account of the son of the parties herein. The circuit judge refused to allow him to do so, and also refused to allow him to make a separate record for purposes of appeal. Appellant contends these rulings are erroneous.

This record does not advise us as to what the excluded material was or how it would have related to the nonsupport charge. Counsel for plaintiff contended with vigor that he had a right to examine the witness pertaining to the son's bank account. He did not indicate either what he expected to find or what he hoped to prove thereby. Further, although we encourage use of the separate record (see *Kerns* v. *Kerns,* 303 Mich 23; *Serbinoff* v. *Dukas,* 348 Mich 69), the statute providing for a separate record gives discretion in this regard to the circuit

judge.   CL 1948, § 617.5 (Stat Ann § 27.853).   We cannot find abuse of his discretion on these facts. We find no reversible error.

Affirmed.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, KAVANAGH, and SOURIS, JJ., concurred.