SNOW v FREEMAN

Docket No. 61198. Submitted July 12, 1982, at Detroit.—Decided
September 22, 1982. Leave to appeal applied for.

Plaintiff, Rosemary Snow, administratrix of the estate of Bobby
Gene Snow, deceased, brought a wrongful death action against
defendants, Dr. Richard Freeman, Dr. Andre Parras and Outer
Drive Hospital. The jury in the Wayne Circuit Court, Thomas
Roumell, J., returned a unanimous verdict of no cause of action
in favor of all three defendants and against plaintiff. Thereaf-
ter, the trial court granted the plaintiff's motion for a new trial
based on the court's incomplete reading of a requested standard
jury instruction. Prior to retrial, defendants' petition for leave
to appeal was denied by the Court of Appeals. Also prior to
retrial, defendants petitioned the Supreme Court for leave to
appeal from the grant of a new trial, but the Court delayed
deciding the petition until the retrial was over. 412 Mich 909
(1982). After a retrial in the Wayne Circuit Court, Patrick J.
Duggan, J., the new jury rendered a verdict of no cause of
action with respect to the claim against defendant Freeman,
but awarded damages in the sum of $329,408 in favor of
plaintiff against defendants Parras and Outer Drive Hospital.
Defendants Parras and Outer Drive Hospital appeal alleging
error in the trial court's holding that reversible error occurred
when the trial court's instruction deviated from the standard
jury instruction requested. *Held:*

1. The plaintiff complied with the requirements delineated by
the Supreme Court since she requested the giving of the
standard jury instruction and objected to the trial court's
failure to read the instruction in its entirety. Therefore, the
trial court did not err in granting plaintiff's motion for a new
trial.

2. Defendants' challenge to the constitutionality of the court

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trials §§ 576, 577, 583, 610.

Construction of statutes or rules making mandatory the use of
pattern or uniform approved jury instructions. 49 ALR3d 128.

[2] 5 Am Jur 2d, Appeal and Error § 574.

rule regarding instructions to the jury is foreclosed, since the issue was not raised in the trial court.

Affirmed.

1. TRIAL — JURY INSTRUCTIONS — STANDARD JURY INSTRUCTIONS — PRESUMPTIONS — COURT RULES.

Where there is an omission of, or a deviation from, an applicable and accurate standard jury instruction, prejudicial error will be presumed, provided that an erroneously omitted SJI was properly requested at trial, and provided in those cases where error is charged as a result of a deviation from a SJI, the deviation was brought to the attention of the trial court prior to the commencement of jury deliberations (GCR 1963, 516.6[2]).

2. APPEAL — PRESERVING QUESTION — CONSTITUTIONAL LAW.

Appellate review of the constitutional validity of a court rule is foreclosed where the issue was not raised in the trial court.

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*), for plaintiff.

*Cozadd, Shangle, Smith & Andrews* (by *Daniel J. Andrews*), for defendants.

Before: T. M. BURNS, P.J., and BEASLEY and C. W. SIMON,* JJ.

BEASLEY, J. In this wrongful death case, retrial before a jury was held in September-October, 1981. The jury rendered a verdict of no cause of action with respect to the claim of plaintiff, Rosemary Snow, administratrix of the estate of Bobby Gene Snow, deceased, against defendant Dr. Richard Freeman, but awarded damages in the sum of $329,408 in favor of plaintiff against defendants Dr. Andre Parras and Outer Drive Hospital. Defendants Parras and Outer Drive Hospital appeal as of right.

In the first trial, at the close of the instructions to the jury, plaintiff, among other things, objected

* Circuit judge, sitting on the Court of Appeals by assignment.

to the trial court's incomplete reading of a requested standard jury instruction, SJI 1.05.[1] This instruction reads as follows:

"When at least five of you agree upon a verdict, it will be received as your verdict. In your deliberations, you should weigh the evidence with due regard and consideration for the opinions of each other. You should listen to each other's arguments with an open mind, and make every reasonable effort to reach a verdict."

In lengthy and comprehensive jury instructions, the trial court omitted the second and third sentences of SJI 1.05. The jury rendered a unanimous verdict of no cause of action in favor of all three defendants and against plaintiff. Plaintiff's motion for a new trial was reluctantly granted by the trial court on the basis that the inadvertent omission of the two sentences from SJI 1.05 was error as a matter of law where, as here, plaintiff had requested that it be given.[2]

The case was retried before a new jury with the result indicated above.[3]

On appeal, defendants raise only one issue, maintaining that the trial court erred in holding that under GCR 1963, 516.6(2) prejudicial, reversible error occurs whenever a trial court deviates from a requested, applicable, and accurate standard jury instruction.

Additionally, defendants assert that plaintiff's

---

[1] SJI 1.05 is now SJI 60.01.

[2] Judge Thomas Roumell presided over the first jury trial and granted the motion for a new trial.

[3] The second jury trial was presided over by Judge Patrick J. Duggan. Prior to retrial, defendants' petition for leave to appeal was denied by this Court on December 8, 1980. Also prior to retrial, on April 22, 1981, defendants petitioned the Supreme Court for leave to appeal from the grant of new trial, but the Supreme Court delayed deciding defendants' petition for leave until January 28, 1982, after the retrial was over. See *Snow v Freeman*, 412 Mich 909; 315 NW2d 125 (1982).

objection to the trial court's deviation was insufficient to preserve the issue for a new trial motion or appeal.

Plaintiff offered the following objection to the trial court's reading of SJI 1.05:

"The court gave an instruction on if 5 out of 6 agree on a verdict, that should constitute their verdict. I think it should be given under 1.05 your Honor, which indicates they should listen to the opinions of others and listen to each others arguments which is what is presented in the Standard Jury Instructions."

The trial court responded:

"Your objections, of course, have been recorded and noted. Please tell the jury to proceed with their deliberations."

GCR 1963, 516.6(2) provides:

"(2) Pertinent portions of Michigan Standard Jury Instructions (SJI) published under authority of this subrule shall be given in each civil case in which jury instructions are given if (a) they are applicable and (b) they accurately state the applicable law."

In *Javis v Ypsilanti School Dist*,[4] the Supreme Court held that the trial court erred reversibly by failing to give an applicable and accurate standard jury instruction which was requested by a party. The *Javis* Court stated:

"We accordingly adopt a strict rule that we believe will provide economy in administration and fairness to the parties: Where there is an omission of, or a deviation from an applicable and accurate SJI, prejudicial error will be presumed; provided that the erroneously

---

[4] 393 Mich 689; 227 NW2d 543 (1975).

omitted SJI was properly requested at trial; and, provided that in those cases where error is charged as a result of a deviation from a SJI, said deviation was brought to the attention of the trial court prior to the commencement of jury deliberations."[5]

In the matter at bar, it is clear that plaintiff complied with the requirements delineated in *Javis,* as she requested the giving of SJI 1.05 at trial and objected to the trial court's failure to read the instruction in its entirety. Consequently, the trial court did not err in granting plaintiff's motion for a new trial. Sometimes it would appear that, rather than serving the good purpose for which it was intended, the strict rule of *Javis* causes injustices. However, if the rule is to be moderated, the high court must do so. In this case, the high court did not choose to take the opportunity.[6]

Defendants also challenge the constitutionality of GCR 1963, 516.6(2). Inasmuch as this issue was not raised in the trial court, appellate review is foreclosed.[7]

Affirmed.

---

[5] *Javis,* pp 702-703.

[6] See 412 Mich 909, *supra,* denying leave in the within case. But also see the persuasive dissent of Justice RYAN.

[7] *Wanstead v Fisher,* 278 Mich 68, 76; 270 NW 218 (1936); *Buxton v Alexander,* 69 Mich App 507, 509-510; 245 NW2d 111 (1976), *lv den* 399 Mich 827 (1977); 1 Michigan Law & Practice, Appeal, § 61, pp 551-553; 7A Callaghan's Michigan Pleading & Practice (2d ed), § 57.02a, p 272.