JOHNSON v CORBET

Docket No. 65951. Submitted May 20, 1983, at Houghton.—Decided August 2, 1983. Leave to appeal applied for.

Andrew Johnson was physically beaten by Pat Corbet. Johnson brought suit against Corbet, individually, and against William E. Emery, doing business as Bella Vista Bar, and Jack Peterson, doing business as Buckhorn Bar and Swede's Bar, in Baraga Circuit Court. Plaintiff's cause of action against Corbet was based upon the assault and battery, while the actions against the bars were based upon their liability under the Michigan dramshop act. A default was entered against Corbet shortly after commencement of the action, and the jury returned a verdict against Peterson and Corbet and a verdict of no cause of action against Emery. The court, Stephen D. Condon, J., denied defendant Peterson's motion for a new trial or, in the alternative, for *remittitur,* and judgment was entered against Corbet and Peterson in the amount of $200,000. Defendant Peterson appeals as of right, raising the issue of whether the trial court erred in failing to charge the jury pursuant to the standard jury instruction on impeachment by proof of conviction of crime as requested by Peterson. *Held:*

The jury instruction requested by Peterson was applicable to the case at bar, accurately stated the law, was timely requested, and should have been read by the trial court when it was requested to do so. The decision against Peterson, doing business as Buckhorn Bar and Swede's Bar, is vacated and the case is remanded for a new trial.

Reversed and remanded.

1. TRIAL — JURY INSTRUCTIONS — STANDARD JURY INSTRUCTIONS — HARMLESS ERROR — COURT RULES.
   The general harmless error standard of the General Court Rules

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 5 Am Jur 2d, Appeal and Error § 810.
   75 Am Jur 2d, Trial § 610.
[2] Construction of statutes or rules making mandatory the use of pattern or uniform approved jury instructions. 49 ALR3d 128.

does not control the specific provisions of the court rule concerning standard jury instructions (GCR 1963, 516.6, 529.1).

2. Trial — Jury Instructions — Standard Jury Instructions.

An omission of, or a deviation from, an applicable and accurate standard jury instruction will be presumed to be prejudicial error, provided that the instruction was properly requested at trial (GCR 1963, 516.6[2]).

3. Trial — Jury Instructions — Standard Jury Instructions.

A trial court's discretion is required in determining whether a requested standard jury instruction is applicable and whether the instruction accurately states the law (GCR 1963, 516.6[2]).

*Tercha & Daavettila* (by *Robert T. Daavettila*), for plaintiff.

*Platt, Peacock, Vinocur & Brewster, P.C.* (by *John D. Peacock*), for defendant.

Before: Cynar, P.J., and J. H. Gillis and Wahls, JJ.

Per Curiam. Defendant Jack Peterson, doing business as Buckhorn Bar and Swede's Bar, appeals from a jury verdict against him and defendant Pat Corbet. A default was entered against Corbet shortly after commencement of this action. The jury returned a verdict of no cause of action in favor of defendant William E. Emery, doing business as Bella Vista Bar. The trial court denied Peterson's motion for a new trial or in the alternative, for *remittitur.* Judgment was entered on July 1, 1982, against defendants Corbet and Peterson in the amount of $200,000. This appeal is as of right.

This case arose from a beating inflicted by defendant Corbet on plaintiff.

Plaintiff's cause of action against defendant Corbet was based upon the assault and battery, while the actions against the bars are based upon their

liability under the Michigan dramshop act. MCL 436.22(5); MSA 18.993(5).

The sole question submitted for our consideration is whether the lower court erred in failing to charge the jury pursuant to SJI 5.03—impeachment by proof of conviction of crime—as requested by defendant Peterson.

The record supports the following proofs to be relevant and material to the resolution of the issue before us.

Defendant Corbet was called as a witness on behalf of the plaintiff. Defendant Corbet testified that prior to the date of the incident herein, October 5, 1980, he had been drinking continuously for a week. On October 5, 1980, he allegedly consumed eight cans of beer before going out to the Bella Vista Bar, where he allegedly drank blackberry brandy and beer. Defendant Corbet stated that, after leaving Bella Vista, he and Warren Selden consumed intoxicating beverages at the Buckhorn Bar, Swede's Bar, and the Buckhorn Bar again. He is an alcoholic who has received repeated treatment and attributes his violent temper to the consumption of intoxicants. He had at sometime in the past been convicted of burglary in Chicago.

Warren Selden, called as a witness by the plaintiff, stated that he had been drinking on October 4, 1980, and that he had consumed several cases of beer on October 5, 1980. He admitted that his testimony regarding the entire incident was not very reliable. He testified that he had been convicted of larceny from a building in 1978.

The testimony of bartenders and employees of Peterson who worked in his bars on the day of the incident indicated that they had not served defen-

dant Corbet on the day in question, and only one of them observed him anywhere near the bars.

In accordance with the summary pretrial conference order, attorney for defendant Emery made a timely request to instruct the jury pursuant to SJI 5.03, which provides as follows:

"Impeachment by Proof of Conviction of Crime

"In deciding whether you should believe a witness you may take into account the fact that [he/or/she] has been convicted of a crime and give that fact such weight as you believe it deserves under the circumstances."

The parties having rested their cases, the jury was excused, and a discussion followed pertaining to the jury instructions to be given by the court. The trial court indicated that all requested standard jury instructions would be given except those instructions which the court felt were not applicable or which would be repetitious.

On behalf of defendant Peterson, SJI 5.03 on impeachment by proof of conviction of crime was requested. The trial judge stated: "That'll be denied. That takes care of that." Further the trial judge stated that the request for SJI 5.03 on behalf of defendant Emery would not be given.

The trial judge, in the absence of the jury, invited corrections or suggestions to the court's instructions. SJI 5.03 was again requested on behalf of defendant Peterson. The trial judge responded that he would not change his ruling. Other than as indicated, the court stated no basis in support of its denial to instruct pursuant to SJI 5.03.

GCR 1963, 516.6(2) makes mandatory the giving of an applicable standard jury instruction whenever such an instruction is requested. *Javis v*

*Ypsilanti Bd of Ed,* 393 Mich 689, 697-698; 227 NW2d 543 (1975). The *Javis* Court found that the harmless error standard for reviewing discrepancies in civil proceedings contained within GCR 1963, 529.1 had no application in those cases where a trial court had deviated from GCR 1963, 516.6(2). Accordingly, the Court found that deviation from an applicable and accurate standard jury instruction would give rise to the presumption of prejudicial error provided that the instruction was properly requested at trial. *Javis, supra,* p 702.

In *Socha v Passino,* 405 Mich 458, 466-468; 275 NW2d 243 (1979), the Supreme Court reaffirmed its position in *Javis,* noting:

"We do not believe *Javis* totally constrains the discretion of trial judges. The judge's discretion is still required in determining whether or not the instruction is applicable and whether or not the instruction accurately states the law." (Footnote omitted.) *Socha, supra,* p 467, citing *Zeni v Anderson,* 397 Mich 117; 243 NW2d 270 (1976).

Therefore, the proper review of the record by this Court is to ascertain whether or not the instruction was applicable, accurately stated the law, and was timely requested by defendant Peterson.

Initially, plaintiff contends that the request was not timely made and that Peterson failed to object or preserve this issue for appeal in his motion for a new trial. We disagree. The trial court summarized its pretrial conference instructions regarding trial briefs as requiring the briefs to cover any and all issues and written requests for instructions, together with supporting authority, to be filed with the trial court on or before the selection of the

jury. Defendant Emery's attorney did, in fact, request that SJI 5.03 be read to the jury.

Following proofs, the trial court entertained suggestions for instruction of the jury including requests for additional instructions. Defendant Peterson's counsel not only timely requested that this instruction be given, but also objected before the jury began its deliberations.

Plaintiff's argument that Peterson acquiesced in the trial court's ruling was dealt with in *Socha, supra,* p 468, fn 3. In that case, as well as the present one, it is apparent from the record that the trial court's decision was final and not open to debate.

Regarding plaintiff's contention that defendant Peterson did not preserve this issue for appeal by arguing it in his motion for a new trial, we do not find such a requirement in the pertinent case law. Both these cases and the court rule require only that timely objection be made at trial in order to preserve this issue for appeal. See GCR 516.2; *Socha, supra,* p 466, 468; *Javis, supra,* pp 702-703. See also *Snow v Freeman,* 119 Mich App 677, 681; 326 NW2d 602 (1982); *Kueppers v Chrysler Corp,* 108 Mich App 192, 208-210; 310 NW2d 327 (1981), *lv den* 414 Mich 863 (1982); *Reed v Stretten,* 69 Mich App 519, 523-526; 245 NW2d 117 (1976).

We are of the opinion that plaintiff's evidentiary arguments are without merit. No objection was filed at the trial level regarding impeachment of either witness by Peterson's attorney. Evidence of both witnesses' previous convictions was admitted without the usual balancing of the potential for prejudice against the probative value of the evidence by the trial court. Since plaintiff did not object to the admission of this testimony nor request such a balancing by the trial court once the

evidence was on the record, plaintiff should not now assert its impropriety to block a requested instruction nor raise it on appeal before this Court. Since two of plaintiff's witnesses testified on cross-examination that they had been previously convicted of felonies, SJI 5.03 was applicable to the present case and should have been read by the trial court when it was requested to do so. The decision below against defendant Jack Peterson, doing business as Buckhorn Bar and Swede's Bar, is vacated by this court and the case is remanded for a new trial.

Reversed and remanded.