GRAHAM v FIRESTONE TIRE & RUBBER COMPANY

Docket Nos. 63171, 65502. Submitted October 12, 1983, at Detroit.—
Decided February 9, 1984.

Plaintiffs David and Estella Graham and Reliance Insurance
Company, the workers' compensation insurance carrier of Da-
vid Graham's employer, brought a product liability action
against Firestone Tire & Rubber Company for damages for
injuries caused to David Graham when a wheel assembly
exploded while he was inflating a tire. The initial trial resulted
in a verdict of no cause of action. On appeal, the Court of
Appeals remanded the case. *Graham v Ryerson,* 96 Mich App
480 (1980). Following trial pursuant to the remand, the Wayne
Circuit Court, William J. Giovan, J., entered an order on a jury
verdict of no cause of action. Plaintiffs sought a new trial. The
court denied their motion for a new trial and entered an order
assessing costs against plaintiffs. Plaintiffs appealed separately
from each order and the appeals were consolidated. Plaintiffs
allege that the trial court erred in granting defendant's motion
to exclude any reference to a National Highway Transportation
Safety Administration investigation of the type of wheel in-
volved, in excluding an exhibit offered by plaintiffs but the
source of which plaintiffs' counsel refused to reveal and in
assessing costs against the plaintiffs. *Held:*

1. The motion to exclude reference to the investigation was
properly granted. The court did not rule that the NHTSA
report on its investigation, or portions thereof, would be ex-
cluded, only that reference to the fact of the investigation alone
was excluded. Such a refernce would have been more prejudi-
cial than probative.

2. The court did not err in requiring plaintiffs' counsel to
reveal the source of the proposed exhibit as a prerequisite to
admission. Furthermore, the court's refusal to allow plaintiffs'
counsel to make a separate record regarding the line of ques-

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 123.
   58 Am Jur 2d, New Trial § 139.
[2] 4 Am Jur 2d, Appeal and Error § 521.
[3] 5 Am Jur 2d, Appeal and Error §§ 545, 574.

tioning he planned with regard to the exhibit was not an abuse of discretion, since the exclusion of the exhibit was also not an abuse of discretion.

    3. Plaintiffs' claim regarding the award of costs based upon the Wayne County Court Rules concerning the rejection of a mediation evaluation, being raised for the first time on appeal, is not preserved for review.

    Affirmed.

1. NEW TRIAL — APPEAL — ABUSE OF DISCRETION.

    A trial court's denial of a motion for a new trial will not be disturbed by the Court of Appeals absent an abuse of discretion.

2. EVIDENCE — EXCLUDED EVIDENCE — SEPARATE RECORD.

    Generally, a court should allow a party to make a separate record regarding excluded evidence for purposes of appellate review of the decision to exclude the evidence; however, a court's refusal to allow a separate record does not always constitute error requiring reversal.

3. APPEAL — PRESERVING QUESTION.

    Failure of a party to raise a claim in the trial court precludes appellate review, even where the claim is constitutional in nature.

*Robert A. Tyler, P.C.* (by *Robert A. Tyler* and *Steven M. Hickey*), for plaintiffs Graham.

*Butzel, Long, Gust, Klein & Van Zile* (by *Edward M. Kronk* and *Karen C. Scavone*), for defendant.

Before: MacKENZIE, P.J., and WAHLS and M. WARSHAWSKY,* JJ.

PER CURIAM. This is a product liability case in which plaintiffs claim damages for injuries caused by an "RH5'" automobile wheel assembly, manufactured by defendant Firestone Tire & Rubber Company, which exploded while plaintiff David Graham was inflating a flat tire. In a previous

    * Circuit judge, sitting on the Court of Appeals by assignment.

decision, this Court remanded to the circuit court for trial on plaintiffs' theory that defendant breached its duty to warn of the dangers involved in inflating a tire which had been run while flat. *Graham v Ryerson,* 96 Mich App 480; 292 NW2d 704 (1980), *lv den* 410 Mich 858 (1980). After the trial pursuant to this Court's remand, the jury returned a verdict of no cause of action against defendant. Plaintiffs appeal as of right from an order of the trial court denying their motion for a new trial and from an order assessing costs against plaintiffs. We affirm.

A trial court's denial of a motion for new trial will not be disturbed by this Court absent an abuse of discretion. *Willett v Ford Motor Co,* 400 Mich 65, 70-71; 253 NW2d 111 (1977). In their motion for a new trial, plaintiffs claimed that the court made two erroneous evidentiary rulings. We must determine whether prejudicial error occurred. *Witt v Chrysler Corp,* 15 Mich App 576, 579; 167 NW2d 100 (1969), *lv den* 381 Mich 818 (1969).

In this Court's earlier opinion, it was suggested that on remand the trial court, given plaintiffs' viable theory of duty to warn, reconsider the admissibility of a National Highway Transportation Safety Administration (NHTSA) report on its investigation of the RH5° wheel assemblies. *Graham supra,* pp 490-491. After remand, defendant made a motion *in limine* to exclude any references to the investigation or report. While plaintiffs assert that the court erred in granting defendant's motion, plaintiffs overstate the scope of the court's ruling. In fact, the court ruled only that plaintiffs could not make reference to the mere fact of the investigation and stated that whether any portions of the report would be admitted would be determined when plaintiffs made an offer of proof.

From the record before us, it appears that plaintiffs never made an offer as to any portions of the report sought to be admitted, and no ruling as to the admissibility of the report was ever made. Consequently, the only issue before us is whether the court erred in ruling that any references to the mere fact of the investigation would not be permitted. Plaintiffs argue that references to the investigation should have been allowed in order to show that defendant was on notice that there was a problem with the wheel assembly and thus had a duty to warn. We agree with the trial judge that references to the fact of the investigation alone, as opposed to the NHTSA report on its investigation, would have been substantially more unfairly prejudicial than probative. MRE 403. Reference to the investigation alone, if permitted, would have posed the danger of unfair innuendo and jury speculation as to the results of the investigation.

Plaintiffs also contend that the court erred in excluding an exhibit offered by plaintiffs and in refusing to allow plaintiffs' counsel to make an offer of proof on a separate record. Again, however, plaintiffs somewhat obscure the actual ruling of the trial court. The exhibit offered was the summary of a meeting of representatives of four wheel manufacturers, including defendant, held approximately three years after the date of the wheel explosion incident involved herein. This exhibit was stamped "MCL 362", indicating the docket number of a federal court suit. Defendant moved to exclude the exhibit on the ground, *inter alia,* that the exhibit was subject to a federal court protective order which precluded its use in this suit. At the hearing on defendant's motion, plaintiffs did not dispute that this exhibit was not obtained through discovery in the instant case, but

asserted that the protective order covered only documents filed in the federal suit which were marked "confidential", and that the proposed exhibit was not so marked. Defendant, on the other hand, claimed that the protective order was not so limited in scope, pointing to an express provision in the order that any documents discovered pursuant to the federal suit could be used only for the purpose of that suit. The trial court determined that, in order to make a ruling as to whether the protective order rendered the exhibit inadmissible, it needed to know from where plaintiffs' counsel obtained the exhibit. Plaintiffs' counsel repeatedly refused to tell the court the source from which he obtained the exhibit, and the court ruled that, because of counsel's failure to cooperate in this evidentiary inquiry, the exhibit would not be admitted and that there was no need to allow plaintiffs' counsel to make a separate record as to his intended use of this exhibit in questioning a witness.

We cannot say that the court erred in requiring plaintiffs' counsel to reveal the source of the proposed exhibit in order to obtain its admission. The trial court could not determine whether the exhibit was inadmissible because of the federal court protective order, as argued by defendant, unless the court knew whether plaintiffs' counsel obtained the exhibit from someone who had discovered it as part of the federal suit, and thus who, by giving it to plaintiffs' counsel, may have violated the protective order provision limiting the use of documents discovered in the federal suit. Plaintiffs make no claim on appeal that plaintiffs' counsel could not reveal the source of the exhibit without violating the attorney-client privilege; indeed, at the hearing, plaintiffs' counsel admitted that he

did not obtain the exhibit through his clients. Nor do we find error in the court's refusal to permit plaintiffs' counsel to make a separate record of his proposed line of questioning regarding the exhibit. While generally courts should allow a party to make a separate record regarding excluded evidence for purposes of appellate review, a court's refusal to do so does not always constitute reversible error. See *Lazerow v Lazerow,* 362 Mich 27, 30-31; 106 NW2d 542 (1960). Given our conclusion that the court herein did not abuse its discretion in excluding the exhibit, this Court has no need of a separate record containing plaintiffs' proposed line of questioning regarding the exhibit.

In sum, the trial court did not commit prejudicial error in excluding reference to the fact of the governmental investigation nor in excluding the proposed exhibit and denying plaintiffs' request to make a separate record. Therefore, the court did not abuse its discretion in denying plaintiffs' motion for a new trial.

Finally, plaintiffs appeal from the court's order assessing costs against plaintiffs under Wayne County Court Rules (WCCR) 403.15(e) and 403.16, which allow costs, including attorney fees, to be assessed against a plaintiff where both parties rejected the mediation evaluation and the plaintiff recovered an amount more than 10% less than what the mediation board had awarded. Plaintiffs claim that WCCR 403.15(e) and 403.16 deprived plaintiffs of their constitutional due process right to unimpeded access to the courts. Notwithstanding the constitutional nature of this claim on appeal, plaintiffs failed to raise this claim below and thus failed to preserve it for appellate review. *Petterman v Haverhill Farms, Inc,* 125 Mich App 30, 33-34; 335 NW2d 710 (1983); *Snow v Freeman,*

119 Mich App 677, 681; 326 NW2d 602 (1982); *Penner v Seaway Hospital,* 102 Mich App 697, 706-707; 302 NW2d 285 (1981). We therefore decline to address this issue.

Affirmed. Costs to defendant-appellee.